340 So.2d 1365 (1976)
STATE of Louisiana
v.
Robert D. HEARN and John H. Pruett.
No. 58338.
Supreme Court of Louisiana.
December 13, 1976.
*1366 Ronald L. Goranson, Frank Jackson, Dallas, Tex., Grant & Scott, Monroe, for John H. Pruett.
Murphy Blackwell, Jr., Blackwell, Chambliss, Hobbs & Henry, West Monroe, for Hearn.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ragan D. Madden, Dist. Atty., O. L. Waltman, Jr., E. Joseph Bleich, Asst. Dist. Atty., for plaintiff-appellee.
DIXON, Justice.
Defendants Robert D. Hearn and John H. Pruett were charged by information on January 21, 1976 with having knowingly and intentionally possessed marijuana with the intent to distribute in violation of R.S. 40:966(A). After trial on the merits on *1367 April 27, 1976 defendants were found guilty as charged. On May 26, 1976 each defendant was sentenced to serve four years at hard labor with credit for time served and to pay a fine of $1000 plus costs. Defendants appeal their conviction relying upon two assignments of error.
Assignment of Error No. 1
In this assignment of error the defendants contend that evidence admitted over objection was unconstitutionally seized and that its admission into evidence constitutes reversible error. U.S.Const. Amend. IV, XIV; La.Const. Art. I, § 5. The basis for this objection is that on January 20, 1976 the defendants, driving a 1975 blue Dodge van from Dallas, Texas, were stopped in Lincoln Parish by the state police. The defendants were ordered out of the van but were not specifically placed under arrest at that time. The officers searched the van without a warrant; the search revealed a green garbage bag and a blue suitcase in a storage area under a plywood bed in the back of the van. The bag and suitcase were seized; they contained approximately fifty pounds of marijuana. The defendants were placed under arrest after the marijuana was discovered.
A warrantless search is per se unconstitutional subject only to a few well delineated exceptions. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); State v. Thomas, 310 So.2d 517 (La.1975); State v. Tant, 287 So.2d 458 (La.1974). It is conceded that the only exception applicable to this case is that a moving vehicle may be stopped and searched where there exists probable cause to search the vehicle and where "exigent circumstances" make the securing of a search warrant impracticable. E. g. State v. Massey, 310 So.2d 557 (La.1975).
In this case the existence of probable cause to search is not seriously contested. At the hearing on the motion to suppress Officer Ellis of the Louisiana State Police testified that a few weeks before the search he received information from an informant shown by facts adduced at the hearing to be reliable. This information consisted of the fact that the informant had seen defendant Hearn in Lincoln Parish in the blue Dodge van with a large quantity of marijuana. In addition, the informant told Officer Ellis that he saw both defendants distributing marijuana in Bienville Parish (which adjoins Lincoln Parish). Trooper Payne of the Louisiana State Police testified that a different informant (also shown to be reliable) told him that the two defendants lived in Dallas, Texas, made frequent trips to the Lincoln Parish area to sell marijuana and that the defendants were known to deal from the same blue van which was searched in this case. The informer told Trooper Payne that he had bought marijuana from the two defendants in Lincoln Parish and had seen large quantities of marijuana in the latter part of 1975 in defendant Pruett's residence in Dallas. Payne also testified that on January 19, 1976 this informant told him that either on the night of January 20 or 21 the defendants would leave from Dallas and go to Lincoln Parish in the blue Dodge van carrying a large quantity of marijuana for the purpose of selling it.
Furnished with this information, Trooper Payne and another officer went to Dallas on January 20, 1976 in order to carry out a surveillance of the defendants. Defendant Pruett's residence was observed from early morning until 5:20 p.m. on January 20, 1976. In the early part of the afternoon the officers observed a woman take the van to a gas station to fill it with gas. When she returned a man came out of the house and backed the van up to the front door of the residence. Some thirty or forty minutes later two white males got in the van, drove to Interstate 20 and headed east (the general direction toward Louisiana). The officers followed the van out of Dallas for eight or ten miles in a Texas police car and then returned to Dallas to get their own car. The officers eventually overtook the van approximately one hundred miles east of Dallas, passed the vehicle, left the Interstate to get gas and food and then proceeded toward Lincoln Parish. These officers did not see the vehicle again until Minden (Webster Parish).
*1368 Trooper Noel Reed followed the van from the Texas-Louisiana border until some point past Shreveport. Trooper Danny Warner first saw the vehicle in Bienville Parish, the parish just west of Lincoln, and after the van passed the last exit for that parish, radioed ahead to another officer this fact and told him to stop the van when it entered Lincoln Parish. Trooper Taylor stopped the vehicle a short time after the van entered Lincoln Parish at approximately 9:45 p.m.
This information, corroborated by observation, established probable cause to search the van. In fact, the appellants concede in brief that probable cause existed when the van left Dallas. The serious issue is whether there were exigent circumstances such that it was impracticable to secure a search warrant. The defendants argue that during the four hours it took to drive from Dallas to the point in Lincoln Parish where the van was searched the police could have secured a warrant. The appellants correctly point out that "exigent circumstances" do not exist solely because a moving vehicle is to be searched. "The word `automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears." Coolidge v. New Hampshire, 403 U.S. 443, 461-62, 91 S.Ct. 2022, 2035, 29 L.Ed.2d 564. The rationale of the automobile exception is that "the circumstances that furnish probable cause to search a particular auto for particular articles are most often unforeseeable; moreover, the opportunity to search is fleeting . . ." Chambers v. Maroney, 399 U.S. 42, 50-51, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419; State v. Massey, supra.
In this case, as the State argues, the van was traveling at night and due to the van's construction the contraband could have easily been thrown out of the side door to the shoulder of the road if the defendants detected the surveillance. However, these circumstances, which existed for most of the trip from Dallas to Lincoln Parish, might not constitute "exigent circumstances" if it were practical to secure a warrant before the search. Although probable cause need not arise "coincidentally with the occurrence of the exigent or unforeseeable circumstance," State v. Tant, 287 So.2d 458, 460, the facts which are alleged to constitute "exigent circumstances" should not be considered as such if they are of a continuing nature giving ample opportunity for the law enforcement personnel to seek a neutral magistrate's judgment as to the existence of probable cause.
However, the facts adduced at the motion to suppress reveal that during the four hour interval between the van's departure from Dallas until it was searched it was not practicable for the police officers to secure a warrant. There was evidence that the police reasonably thought probable cause might not have been established until the informant's tip was confirmed by the vehicle's entry into its reported destination, Lincoln Parish. Although a number of police officers were utilized to carry out the surveillance of the van from Dallas to Lincoln Parish, the surveillance was not shown to have been a well organized, supervised and synchronized operation, as some officers along the route only had a portion of the information about the case. Finally, Trooper Payne had the information which would have to be conveyed via an affidavit to a magistrate in order to get a search warrant. However, Trooper Payne was an integral part of the surveillance operation following the van from Dallas and he did not have adequate time during the short four hour delay to secure a warrant. Although the vehicles involved had radios they were not compatible, and communications were imperfect. Under these circumstances the police acted reasonably, and, at the time the vehicle was searched, there existed both probable cause to search and exigent circumstances making the securing of a search warrant impracticable.
This assignment lacks merit.
Assignment of Error No. 2
Defendants contend that a mistrial should have been granted when the following exchange occurred in the presence of the jury:

*1369 "Mr. Waltman (Assistant District Attorney): Do you all need Trooper Warner? The Court: Is there any reason for him not be excused?
Mr. Jackson: Your Honor, we don't mindI don't mind excusing him if he's available for us
The Court: Will you be available in the event you are needed?
The Witness: Yes, sir, I have to fly to Tensas Parish on another drug deal there
Mr. Jackson: Well, Your Honor, I'll object to that. There's no need for him to bring that
The Court: He'll be available. Disregard anything that he said.
Mr. Jackson: Your Honor, I'm afraid that that might be so prejudicial, inflammatory, that we'd move for a mistrial at this point."
The defendants apparently argue that this comment in some manner inferred that the defendants in this case had other criminal charges pending against them. Such an inference would not be made from the comment. The jury knew the defendants were presently on trial for a violation of the controlled dangerous substances law and that the police officer who made the statement was a narcotics agent. This remark is no manner prejudiced the defendants; in any event, the trial judge admonished the jury to disregard the comment. This assignment of error does not present reversible error.
For the reasons assigned, the convictions and sentences are affirmed.