TATE, Justice.
The defendant was convicted of simple burglary, La.R.S. 14:62, and sentenced as a second offender, La.R.S. 15:529.1, to ten years’ imprisonment at hard labor. On appeal, his three assignments of error all relate to the introduction into evidence of four bicentennial coins and a Kennedy half-dollar allegedly stolen during the burglary.
The defendant contends that these coins were seized from his person by virtue of a warrantless search in violation of his constitutional rights.
The accused was apprehended by a son of the householder in the immediate vicinity of the burglary. Without recounting the evidence, the circumstances suggested probable cause that he had committed the burglary-
A police officer drove up and arrested the accused, advising him of his Miranda rights. Shortly afterwards, another officer searched the accused’s person and found the coins.
The evidence indicates that the custodial arrest of the defendant was made upon probable cause and that the arrest was not a pretext to justify the search. Under these circumstances, the full search of the accused’s person is authorized without a warrant. See State v. Breaux, 329 So.2d 696 (La.1976); also Gustafson v. Florida, 414 U.S. 260, 94 S.Ct. 488, 38 L.Ed.2d 456 (1973).
The accused contends that the search was illegal because, in a showing outside the presence of the jury, the state indicated that the first police officer made the initial custodial arrest of the accused on the basis of an earlier theft charge. The accused lived across the street from the burglarized home, and the policeman happened to arrive as the son returned him to the scene.
The defendant contends that the search by the second officer was improper, since the accused was held under custodial arrest because of the theft, not the burglary charge.
Shortly after the initial arrest, the other police officer arrived, pursuant to the burglarized householder’s complaint. (The evidence indicates that he had probable cause to arrest the accused for the burglary charge also, at the time he made the search. The police did not, however, formally re-arrest the accused.)
We find no merit to the defendant’s contention. The police officers had the continued right to search the person of the accused, he being under lawful custodial arrest, upon their receiving further information which indicated that evidence was concealed on his person which they had overlooked on their initial patdown.
Since we find no merit to the contention that the search was illegal, we need not discuss certain ancillary contentions made by the accused, nor the state’s contention that the objection to the allegedly unconstitutional search was not properly asserted by a motion to suppress filed before or during the trial.

Decree

For the reasons stated, we affirm the conviction and sentence.
AFFIRMED.
SUMMERS, J., concurs in the result.