CHIASSON, Judge.
This appeal has been brought by Debra Wagster, appellant, a juvenile, from a decision of the East Baton Rouge Family Court, in which she was adjudicated delinquent for possession of marijuana.
On the night of October 28, 1976, Mrs. Sherry King called the East Baton Rouge Sheriff’s Office and asked that they investigate a van which had been parked in her driveway and whose occupants appeared to be peering in her window. About ten minutes before the Sheriff’s deputies arrived, *752 and after having been parked for approximately twenty-five minutes, the van left the driveway and parked nearby at the edge of a park.
After their arrival the deputies located the van, approached it, and asked the occupants to get out of the van. When they did not get out the deputies opened the door of the van. Inside the van were the appellant and a companion. The deputies detected the odor of marijuana within the van. They then informed the appellant and her companion that they were being detained for the possession of marijuana and informed them of their rights. The deputies asked to search the van and were refused permission. The appellant’s companion was placed in the patrol car and the appellant was told to drive the van to her home. This was standard procedure in cases involving a juvenile. While in the patrol car the appellant’s companion told the deputies that there were three marijuana “roaches” in a Marlboro box on the van dash. One of the deputies then opened the van door and took the Marlboro box which contained the “roaches.” The deputy did not have a search warrant.
Prior to a trial of this matter the appellant filed a motion to suppress contending that the marijuana was obtained as the result of an illegal search and was therefore inadmissible. The trial judge overruled the motion holding that there was probable cause and exigent circumstance which warranted the officer in making his very limited search. The appellant contends the judge erred in this holding.
One of the recognized exceptions to the warrant requirement of the fourth amendment permits a moving vehicle to be searched without a warrant where there exists probable cause to search the vehicle and where exigent circumstances make the securing of a warrant impractical. State v. de la Beckwith, La., 344 So.2d 360 (1977). In the present case there existed probable cause to approach the van, the complaint of Mrs. King, probable cause to open the door, the refusal of the appellant and her companion to get out of the van when requested, probable cause to detain the appellant and her companion for possession of marijuana, the odor of marijuana in the van, and probable cause to seize the Marlboro box, the statement of the appellant’s companion.
At issue is whether there were exigent circumstances which made it impractical to obtain a warrant. In State v. Hearn, La., 340 So.2d 1365 (1976), in discussing the question of exigent circumstances it was said:
“. . . The appellants correctly point out that ‘exigent circumstances’ do not exist solely because a moving vehicle is to be searched. ‘The word “automobile” is not a talisman in whose presence the Fourth Amendment fades away and disappears.’ Coolidge v. New Hampshire, 403 U.S. 443, 461-62, 91 S.Ct. 2022, 2035, 29 L.Ed.2d 564. The rationale of the automobile exception is that ‘the circumstances that furnish probable cause to search a particular auto for particular articles are most often unforeseeable; moreover, the opportunity to search is fleeting . . . ’ Chambers v. Maroney, 399 U.S. 42, 50-51, 90 S.Ct. 1975, 1981, 26 L.Ed.2d 419; State v. Massey, [310 So.2d 557 (La.1975)] supra.
“In this case, as the State argues, the van was traveling at night and due to the van’s construction the contraband could have easily been thrown out of the side door to the shoulder of the road if the defendants detected the surveillance. However, these circumstances, which existed for most of the trip from Dallas to Lincoln Parish, might not constitute ‘exigent circumstances’ if it were practical to secure a warrant before the search. Although probable cause need not arise ‘coincidentally with the occurrence of the exigent or unforeseeable circumstance,’ State v. Tant, La., 287 So.2d 458, 460, the facts which are alleged to constitute ‘exigent circumstances’ should not be considered as such if they are of a continuing nature giving ample opportunity for the law enforcement personnel to seek a neu *753 tral magistrate’s judgment as to the existence of probable cause.”
In the present case it was night and the marijuana could easily have been thrown out of the door. Additionally, the appellant, as was customary in juvenile matters, was alone in the van when the existence of the evidence was discovered and the appellant might easily have disposed of the evidence. Under these conditions, exigent circumstances warranting the search existed. Therefore, the Trial Judge did not err in overruling the motion to suppress.
The appellant also contends that the Trial Judge erred in finding that the appellant was in possession of marijuana, a violation of R.S. 40:966(C). In making this finding the Trial Judge stated:
“I am of the opinion that the evidence leads inevitably to the conclusion that these two young ladies were in that vehicle smoking marijuana cigarettes at and immediately prior to the time they were apprehended, and at that point, regardless of who may have originally bought the marijuana, Wendy says that it was her’s, they were jointly in possession of it; they were jointly smoking it, and shared the same one, according to their testimony, and so I am of the opinion that they were both concerned in the commission of a crime. Under Article 24 of the Criminal Code, they were both directly committing the act. They were aiding and abetting each other into commission. They were apparently pulled into the driveway for concealment purposes. They were both principals, and they were equally guilty.”
There is evidence in the record, the testimony of the appellant, her companion and the investigating officers which support this conclusion. The appellant’s only claim is that she did not know that the “roaches” were in the Marlboro box when it was seized by the police. The Trial Judge did not err in finding that the appellant had possession of marijuana in violation of R.S. 40:966(C).
For the above reasons, the judgment appealed is affirmed.
AFFIRMED.