358 So.2d 1250 (1978)
STATE of Louisiana
v.
Clark E. COLVIN, Jr.
No. 60940.
Supreme Court of Louisiana.
May 22, 1978.
*1251 Robert P. McLeod, Law Offices of Robert P. McLeod, Monroe, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Carl Parkerson, Dist. Atty., Charles D. Jones, Asst. Dist. Atty., for plaintiff-respondent.
DIXON, Justice.
Between 8:00 and 10:00 a. m. on July 13, 1977 Sergeant Neil Wellbrink of the Ouachita Parish sheriff's office received a telephone call from a confidential informant whose information had led to at least one arrest and conviction in the past. The informant told Sergeant Wellbrink that he had seen a quantity of marijuana concealed in the glove compartment of Clark Colvin's car within the preceding twenty-four hours. The informant described the car (information already in possession of the sergeant) and told the sergeant that Colvin would be driving along a certain route later that afternoon as he returned home from work. Three to four hours after receiving the call, Sergeant Wellbrink drove to the road on which, according to the informant, the defendant would be traveling. After a wait of twenty-five minutes the defendant appeared, driving the car described by the informant. Sergeant Wellbrink followed the defendant for ten to fifteen miles, called for assistance of other officers, stopped the defendant and searched his car. The search resulted in the seizure of approximately twenty-five grams (less than an ounce) of marijuana from the glove compartment.
Defendant was arrested and charged by bill of information with possession of marijuana. A motion to suppress the marijuana was filed by the defendant and, after a hearing, was denied by the trial court. Defendant was tried before a judge, found guilty of possession of marijuana, and sentenced to pay a fine of $300.00 and court costs. We granted defendant's application for writs in order to review the constitutionality of the warrantless search and seizure.
Under the Fourth Amendment of the United States Constitution and Art. 1, § 5 of the Louisiana Constitution of 1974, warrantless searches or seizures, absent the applicability of one of the well delineated exceptions, are in themselves unreasonable. Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971); Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); State v. Parker, 355 So.2d 900 (La.1978). In the recent case of State v. Parker, supra, we had occasion to discuss the so-called "automobile exception" to the warrant requirement. We stated:
". . . the citizen's interest in the privacy of his automobile, because of the nature of the device, is less than his interest in the privacy of his home or other structure. Accordingly, the Fourth Amendment does not afford as great a degree of protection to that interest. But the automobile is not entirely without the protection of the Fourth Amendment.

*1252 While there are numerous cases upholding the validity of warrantless searches and seizures of automobiles, in each case there existed interests superior to those of the citizen, whether they be `exigent circumstances' or the police interest in protection through inventory. Additionally, in each case, the initial intrusion into the protected area was justified by those interests. Therefore, it is clear that probable cause alone is not sufficient to justify a warrantless search or seizure, even where the object to be searched or seized is an automobile." 355 So.2d at 906.
The existence of probable cause to search in the present case is not seriously disputed. The officer received a telephone call on the day of the search from a confidential informant whose reliability had been established by the accuracy of his past reports. The informant said that he had personally seen the marijuana in the defendant's car within the preceding twenty-four hours and described the car in such detail as to include the license number and model. He told the officer that the defendant would be returning from work that afternoon along a certain route at a certain time.[1]
The defendant argues, however, that the officer's failure to obtain a search warrant was not justified and therefore the evidence should have been suppressed. The State argues that the circumstances surrounding the case made it impracticable to obtain a search warrant and therefore the warrantless search and seizure were justified by the exigent circumstances.
Where the facts necessary to establish probable cause are known to the police, their failure to secure a search warrant may be justified only where circumstances make the obtaining of the warrant impracticable. State v. Williams, 347 So.2d 231 (La.1977); State v. Hearn, 340 So.2d 1365 (La.1976).
The State primarily relies upon the relatively short period, approximately four hours, separating the reception of the informant's tip and the time at which the defendant was expected, as justification for the failure to obtain a search warrant. In support of its argument the State cites State v. Hearn, supra, and State v. Tant, 287 So.2d 458 (La.1973), in which delays of four hours and twenty-four hours, respectively, were held not to have invalidated the searches. An examination of those cases reveals that they are distinguishable from the instant case.
In State v. Hearn, supra, an officer from the Louisiana State Police received information from a reliable confidential informant to the effect that he had seen Robert Hearn in Lincoln Parish with a quantity of marijuana in a Dodge van and that Hearn and John Pruett made frequent trips from their home in Dallas, Texas to Lincoln Parish for the purpose of selling marijuana. Officers of the State Police then went to Dallas to establish a surveillance of defendants' activities. There they saw that the van was being prepared for a trip and, later, saw the van leave Dallas on the Interstate Highway, headed for Louisiana. The officers, in combination with other Louisiana State Police troopers, followed the van until it entered Lincoln Parish. The van was stopped and searched a short time after it entered the parish. In discussing the legality of the warrantless search, we noted that:
". . . Although probable cause need not arise `coincidentally with the occurrence of the exigent or unforeseeable circumstance,' State v. Tant, 287 So.2d 458, 460, the facts which are alleged to constitute `exigent circumstances' should not be considered as such if they are of a continuing nature giving ample opportunity for the law enforcement personnel to seek a neutral magistrate's judgment as to the existence of probable cause.

*1253 However, the facts adduced at the motion to suppress reveal that during the four hour interval between the van's departure from Dallas until it was searched it was not practicable for the police officers to secure a warrant. There was evidence that the police reasonably thought probable cause might not have been established until the informant's tip was confirmed by the vehicle's entry into its reported destination, Lincoln Parish. Although a number of police officers were utilized to carry out the surveillance of the van from Dallas to Lincoln Parish, the surveillance was not shown to have been a well organized, supervised and synchronized operation, as some officers along the route only had a portion of the information about the case. Finally, Trooper Payne had the information which would have to be conveyed via an affidavit to a magistrate in order to get a search warrant. However, Trooper Payne was an integral part of the surveillance operation following the van from Dallas and he did not have adequate time during the short four hour delay to secure a warrant. Although the vehicles involved had radios they were not compatible, and communications were imperfect. Under these circumstances the police acted reasonably, and, at the time the vehicle was searched, there existed both probable cause to search and exigent circumstances making the securing of a search warrant impracticable." 340 So.2d at 1368.
In State v. Tant, supra, a deputy sheriff received information from a confidential informant which, in the deputy's opinion, was sufficient to obtain a warrant for the search of defendant Carolyn Moffet's automobile. Instead of immediately securing a warrant, however, the officer chose to place the car under surveillance. The surveillance had been conducted intermittently for nearly twenty-four hours when the defendants filled the car with gasoline and headed out on the Interstate, apparently with the intention of going on a trip. Fearful that the defendants would escape their jurisdiction, the officers stopped the car approximately four miles from the parish boundary and conducted a search. The defendants argued that the delay of nearly twenty-four hours could not be justified and that the officers should have procured a warrant for the search of the car. We rejected the argument, stating:
"The only pertinence, to the issue at hand, of delay in the procurement of a warrant is that it would be a violation of constitutional rights if a police officer deliberately set up a motor vehicle surveillance awaiting an `exigent circumstance' for warrantless search in order to circumvent the requirement that an impartial magistrate pass upon the probable cause.
Here, only twenty-four hours elapsed from the time the police were told that the defendants' vehicle contained drugs and the search. It is not unreasonable, and accordingly it is permissible for police to exercise discretion in not immediately obtaining a search warrant in numerous hypothetical circumstances among which is the effort to uncover further violations of the law. This is in keeping with the general aims and needs of law enforcement. Furthermore, by purposely imposing this restraint, the police afford themselves more time to gather information with which to convince an impartial magistrate that a search warrant should issue. Under the facts of this case a delay of 24 hours is neither unreasonable nor indicative of improper motive. . . ." 287 So.2d at 461.
In both of the above cases there existed a reasonable justification for the failure to obtain a warrant during the delay: in Hearn, the delay was consumed in following the defendants to Lincoln Parish, and in Tant the delay was caused by the reasonable police practice of surveillance for the purpose of catching other offenders.
No such justification is present in the instant case. Sergeant Wellbrink stated at the hearing on the motion to suppress that it would have been possible to obtain a warrant during the four hour delay. When asked why he failed to do so, he stated:

*1254 "Well, I didn't know that a search was to be made. I was going to see if the vehicle was there. Also, the description and all that I had, the time being limited, I didn't know how the subject would be travelling or if he would be travelling with someone."
Thus, the only additional information which the sergeant hoped to gain through the delay was confirmation of facts peripheral to the essential facts establishing probable cause, i. e., that the car contained marijuana. It is clear from the sergeant's testimony and from the sequence of events leading to the warrantless search that he fully intended to search the car if it appeared with the defendant driving. Presumably, the information about the contraband in the vehicle would have been valid, regardless of where the car was found.
We find that no exigent circumstances justifying the failure to obtain a warrant during the four hour delay existed. Police may not circumvent the warrant requirement by sitting on cases until exigent circumstances arise.
Accordingly, the defendant's conviction is reversed and the sentence set aside. The evidence seized is ordered suppressed, and the case remanded for further proceedings consistent with the views expressed herein.
NOTES
[1] The defendant also argues that his constitutional rights were violated by an alleged unauthorized entry into his car by the informant. While Art. 1, § 5, La.Const. of 1974 may well extend to searches by private individuals (see State v. Hutchinson, 349 So.2d 1252 (La.1977), we need not decide the case on this ground and pretermit discussion.