407 So.2d 659 (1981)
STATE of Louisiana
v.
Stephen ELLIOT.
No. 80-KA-2185.
Supreme Court of Louisiana.
December 14, 1981.
*660 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Ralph Tyson and Kay Kirkpatrick, Asst. Dist. Attys., for plaintiff-appellee.
Norman Ershler, Alton T. Moran and M. Michele Fournet of Indigent Defender Program, Baton Rouge, for defendant-appellant.
GULOTTA, Justice ad hoc.[*]
Defendant, convicted of possession of methamphetamine in violation of LSA-R.S. 40:967, urges on appeal that the trial court erred in denying his motion to suppress evidence leading to his conviction. We affirm.
On January 28, 1979, Corporal Kermit Smith of the East Baton Rouge Parish Sheriff's Office received a telephone call at his residence from a confidential informant who told him that he had received information from another source that a man in possession of methamphetamine would be driving a white Toyota in a short period of time in the area of Greenwell Springs and Jorr Roads. Smith told the informant to contact him on his radio beeper when he had actually seen the methamphetamine.
Smith radioed a request for back-up assistance from two other officers and immediately proceeded to the aforementioned area. En route, he was contacted on his beeper by the informant who, according to Smith, told him "that a white male known as Steve had the `crystal meth' [methamphetamine] in the white Toyota, and they were fixing to leave a service station at Greenwell Springs Road and Jorr Road."[1]
When Smith arrived at the scene, he observed the vehicle, occupied by three men, approach the service station. The driver went inside the service station and returned to the car a few minutes later and then proceeded in an easterly direction on Greenwell Springs Road. Smith radioed a license check on the vehicle and found that it was registered to Stephen Elliot.
After following the vehicle for a short distance, Smith and the other officers pulled it over. Smith and a fellow officer approached the vehicle with their guns drawn and asked the passengers to get out of the car. The passengers were searched and a hypodermic syringe was found in defendant's sock. He was then arrested and transported to the courthouse. After *661 arriving there, defendant was asked to remove his pants because an officer had observed him "fooling around with the front of his blue jeans" during the initial stop. When defendant complied, a plastic bag containing fifteen individually wrapped cellophane packs of methamphetamine fell to the floor.
Defendant filed a motion to suppress on the ground that the inculpatory evidence was obtained in violation of his rights under U.S.Const.4th Amendment, and LSA-Const. Art. I, § 5 because the arresting officers had no reasonable suspicion of criminal activity by the defendant to justify an investigatory stop and no reasonable suspicion that they were in danger of life or limb to justify frisking the defendant as provided in LSA-C.Cr.P. Art. 215.1. Because we conclude that defendant's warrantless arrest was based on probable cause, we hold that the search was incident to a lawful arrest. Accordingly, we affirm.
A warrantless arrest must be based on probable cause. State v. Morvant, 384 So.2d 765 (La.1980); State v. Simms, 381 So.2d 472 (La.1980). Probable cause exists when the facts and circumstances within the arresting officer's knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. State v. Morvant, supra; State v. Simms, supra, State v. Tomasetti, 381 So.2d 420 (La.1980). Furthermore, probable cause need not be based on an officer's personal knowledge, but on knowledge supplied by a person, even if the identity of the informant is kept confidential. State v. Morvant, supra; State v. Rudolph, 369 So.2d 1320 (La.1979).
Where the hearsay statements of a confidential informant form the basis for probable cause to arrest, there must be some underlying circumstances and details sufficient to show that the confidential informant was credible and the information given was reliable. State v. Rudolph, supra; State v. Gipson, 359 So.2d 87 (La.1978). Factors supporting the credibility of an informant include prior accurate reports or any specific independent corroboration of the accuracy of his instant report. One factor that supports the credibility of the information reported is direct personal observation by the informant. State v. Rudolph, supra; State v. Paciera, 290 So.2d 681 (La.1974).
In the instant case, Corporal Smith testified that the informant had given credible and reliable information in the past that had led to at least five arrests and had provided a basis for obtaining search warrants. Although the informant initially told Smith that he had knowledge that someone in the area had a small quantity of methamphetamine, the initial telephone conversation ended with the understanding that the informer would contact Smith on his "beeper" when he had actually seen the drug. As Smith and his fellow officers proceeded to the area, Smith received a call on his beeper from the informant who told him that a white male named Steve had the drug in a white Toyota which was about to leave the service station at Greenwell Springs Road and Jorr Road. When the officers arrived at the scene, they observed the vehicle as indicated by the informant and a license check revealed that it was registered to Stephen Elliot. The officer's observations and investigation therefore corroborated the informant's statements. Moreover, Smith, having been contacted on his radio beeper by the informant as agreed, could reasonably interpret the informant's statements to mean that the informant had observed the defendant with the drug. Under these circumstances, the officers had a probable cause to arrest the defendant.
Police may conduct a warrantless search of a person legally arrested so as to discover and seize evidence of the crime. State v. Fauria, 393 So.2d 688 (La.1981); State v. Nickels, 347 So.2d 1151 (La.1977); State v. Clift, 339 So.2d 755 (La.1976). Having arrested defendant on probable cause that he had possession of an illegal drug, the officers were therefore justified *662 in conducting a pat-down search at the scene of the crime and further search of his person at the courthouse immediately after his arrest to secure evidence of the crime. Accordingly, evidence of the drug was admissible at trial and we therefore find no error in the trial judge's denial of defendant's motion to suppress.
Defendant's conviction is affirmed.
AFFIRMED.
NOTES
[*] Judges James C. Gulotta and Jim Garrison of the Fourth Circuit Court of Appeal, and Judge Bernard J. Bagert of the Criminal District Court for the Parish of Orleans, participated in this decision as associate justices ad hoc, joined by Chief Justice John A. Dixon, Jr. and Associate Justices Pascal F. Calogero, Jr., Walter F. Marcus, Jr., and Fred A. Blanche.
[1] On cross-examination at the suppression hearing, Smith stated that he had received a beeper message after the white Toyota had left the service station. He further testified that it was not until after the defendant was placed under arrest and searched at the courthouse that the informant stated that he had actually seen the methamphetamine.