428 So.2d 965 (1983)
STATE of Louisiana
v.
Penny Ann SINGLETARY.
No. 82 KA 0818.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
Ossie Brown, Dist. Atty. by Brett L. Grayson, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
James Zito, Baton Rouge, for defendant-appellant.
Before COVINGTON, LANIER and ALFORD, JJ.
LANIER, Judge.
On May 3, 1982, Penny Ann Singletary was charged in a bill of information with possession of marijuana with intent to distribute on March 11, 1982, in violation of La.R.S. 40:966(A)(1). On July 22, 1982, the defendant filed a motion to suppress the marijuana in the possession of the state on the ground of an illegal search and seizure. A hearing on the motion to suppress was held on August 30, 1982, and the motion was denied by the trial judge. On September 13, 1982, the defendant entered a plea of guilty to the charge. As a condition of this plea, the defendant reserved the right to appellate review of the trial court's ruling on the motion to suppress evidence. State v. Crosby, 338 So.2d 584 (La.1976). Counsel for the defendant then made an oral motion for an appeal in open court. La.C.Cr.P. art. 914. The court entered an order staying further proceedings and fixed the return date in this court on October 8, 1982. La.C.Cr.P. art. 915. The trial judge did not impose sentence on the defendant.
Pursuant to Article V, § 10(A) of the Louisiana Constitution of 1974, this court has appellate and supervisory jurisdiction of criminal cases. This court only has appellate jurisdiction when a sentence has been imposed, or when, on motion of the state, the defendant has been declared presently insane. La.C.Cr.P. arts. 912(C) and 912.1(B). The denial of a defendant's motion to suppress evidence is not a judgment for which an appeal is authorized by law. Except as provided by La.C.Cr.P. art. 912(C)(2), we cannot review errors alleged to have occurred in the trial court under our appellate jurisdiction until sentence has been imposed. State v. London, 316 So.2d 743 (La.1975).
*966 In cases where an appeal is not authorized by law, the defendant only has the right to apply to this court for a writ of review under our supervisory jurisdiction. La.C.Cr.P. art. 912.1(C). If this court were to exercise its supervisory jurisdiction in the instant case and review the ruling on the motion to suppress, and if this court subsequently sustained the ruling of the trial judge, this court would still have to remand this matter to the trial court for sentencing. If, thereafter, the defendant was not satisfied with the sentence imposed, she could then appeal the sentence to this court as a matter of right. Such a policy would obviously encourage piecemeal litigation in criminal matters and substantially delay a final disposition of the case. For these reasons, we decline to exercise our supervisory jurisdiction.
For the foregoing reasons, it is ordered that the appeal in this matter be dismissed for lack of appellate jurisdiction. This cause is remanded to the trial court for imposition of sentence.
APPEAL DISMISSED, REMANDED FOR SENTENCING.