442 So.2d 707 (1983)
STATE of Louisiana
v.
Penny Ann SINGLETARY.
No. 83 KA 0392.
Court of Appeal of Louisiana, First Circuit.
November 22, 1983.
Ossie B. Brown, Dist. Atty., 19th Judicial Dist. of La. by Brett Grayson, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
James J. Zito, Baton Rouge, for defendant-appellant.
Before SHORTESS, LANIER and CRAIN, JJ.
*708 LANIER, Judge.
The defendant, Penny Ann Singletary, was charged with possession of marijuana with intent to distribute in violation of La. R.S. 40:966(A)(1). Singletary filed a motion to suppress the marijuana in the possession of the state alleging an illegal search and seizure. After a hearing, the trial court denied this motion. Singletary then entered a plea of guilty conditioned on a reservation of the right to appellate review of the trial court's ruling on the motion to suppress. State v. Crosby, 338 So.2d 584 (La.1976). Singletary was sentenced to serve two years at hard labor in the custody of the Louisiana Department of Corrections, to pay a fine of $1,000, to pay victim reparation cost of $50 and to pay all court costs. The sentence of two years at hard labor was suspended and Singletary was placed on supervised probation for two years with the following special conditions:
(1) submit to substance abuse evaluation and receive such treatment found necessary at her own expense;
(2) remain gainfully employed; and
(3) have no association with Jimmy LeBlanc.
Singletary was granted six months to pay her fine, victim reparation cost and court costs and in default thereof she was sentenced to serve one year in the East Baton Rouge Parish Prison. La.C.Cr.P. art. 884. This appeal followed.[1]

FACTS
On March 11, 1982, at approximately 3:00 P.M., Don Johnson[2] negotiated a purchase from Singletary of one pound of sansemilla (high grade) marijuana for $1,100. The transaction was to be consummated at 9:30 P.M. at a shopping center located on Staring Lane in East Baton Rouge Parish, Louisiana.
At approximately 7:30 P.M. on March 11, 1982, Johnson contacted Sergeant Sam Pruet of the Baton Rouge City Police Department Narcotics Division and advised him of the pending transaction with Singletary. Pruet had worked with Johnson on four previous occasions which resulted in an unspecified number of arrests and the seizure of drugs. Officer Lee Lester Floyd of the Baton Rouge City Police Department Narcotics Division was assigned to go with Johnson for the rendezvous with Singletary. Pruet and Officer McMillon (first name not given) would provide additional surveillance. Johnson advised that Singletary would be in a gold Cadillac.
On March 11, 1982, at 9:30 P.M., a gold Cadillac arrived in the parking lot of the designated shopping center and was observed by Johnson and the police officers. Singletary and Johnson got out of their vehicles and had a short conversation. Johnson got in the Cadillac with Singletary and drove off a short distance. Johnson then exited the Cadillac and returned to the vehicle where Floyd was located and advised that "... yes, I've seen it. It is there." Johnson further advised that the marijuana was in a brown paper bag. After Johnson indicated that the marijuana was in the Cadillac, by prearranged plan, the officers converged on that vehicle, arrested Singletary and seized the marijuana which was located in a plastic bag inside of a brown paper bag found on the front seat floorboard of the car.

WARRANTLESS SEARCH OF VEHICLE
The law applicable in the instant case is succinctly set forth in State v. Denton, 387 So.2d 578, 582 (La.1980), as follows:
It is well settled that a search conducted without a warrant issued upon probable cause is per se unreasonable under the fourth amendment, subject only to a few specifically established and well-delineated exceptions. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, *709 29 L.Ed.2d 564 (1971); State v. Spencer, 374 So.2d 1195 (La.1979); State v. Gordon, 332 So.2d 262 (La.1976). One of these exceptions is the so-called "automobile exception." This exception is based upon the existence of probable cause to search the vehicle and exigent circumstances which render it impractical to secure a warrant. Coolidge v. New Hampshire, supra; Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); State v. Spencer, supra; State v. Gordon, supra....
Singletary contends that exigent circumstances did not exist in the instant case because the delay between the time that Johnson negotiated the drug transaction with Singletary and the time that the search was conducted was sufficient to allow the officers to secure a search warrant, citing State v. Colvin, 358 So.2d 1250 (La. 1978).[3] Although Johnson negotiated with Singletary at 3:00 P.M., the record does not reflect that he is a police officer and he did not advise Sergeant Pruet of the transaction until 7:30 P.M. The police officers were only aware of the pending transaction for two hours prior to its occurrence. In advance of the transaction, the police officers determined not to take action until Johnson verified that the drugs were in Singletary's vehicle. This is a reasonable action for the police to take in verifying the existence of probable cause. State v. Elliot, 407 So.2d 659 (La.1981). The record does not reflect that the police officers deliberately extended their investigation to circumvent the necessity for a warrant or for any other improper motive. State v. Cunningham, 412 So.2d 1329 (La.1982); State v. Littleton, 407 So.2d 1208 (La. 1981); State v. Hearn, 340 So.2d 1365 (La. 1976); State v. Tant, 287 So.2d 458 (La. 1973); United States v. Weinrich, 586 F.2d 481 (5th Cir.1978). Singletary cannot prevail on this argument.
Singletary next contends that the police were required to obtain a warrant in the instant case because the marijuana was located in a closed container (brown paper bag) in her vehicle, citing Robbins v. California, 453 U.S. 420, 101 S.Ct. 2841, 69 L.Ed.2d 744 (1981) and State v. Michael Hernandez, 410 So.2d 1381 (La.1982). The holding in Robbins was rejected by the United States Supreme Court in United States v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 2172, 72 L.Ed.2d 572 (1982) with the following language:
Our decision today is inconsistent with the disposition in Robbins v. California and with the portion of the opinion in Arkansas v. Sanders [442 U.S. 753, 99 S.Ct. 2586, 61 L.Ed.2d 235 (1979)] on which the plurality in Robbins relied. Nevertheless, the doctrine of stare decisis does not preclude this action. Although we have rejected some of the reasoning in Sanders, we adhere to our holding in that case; although we reject the precise holding in Robbins, there was no Court opinion supporting a single rationale for its judgment and the reasoning we adopt today was not presented by the parties in that case....
The Ross case is factually similar to the instant case. An informant previously proven to be reliable telephoned the police and advised that an individual known as "Bandit" was selling narcotics kept in the trunk of a car parked at a specific address. The informant advised that he observed "Bandit" complete a sale and that "Bandit" told him that additional narcotics were in the trunk. The informant gave the police a detailed description of "Bandit" and his vehicle. The police immediately drove to the area and found the described vehicle at the address given. A license check of the vehicle disclosed that the car was registered to the defendant, Albert Ross. A computer check on Ross revealed that he fit the informant's description and used the alias "Bandit". Ross was not observed in the vicinity of the vehicle and the police left the area for a few minutes and returned. Upon returning, they observed the vehicle leaving its location. They pulled up along *710 side the vehicle and observed that the driver matched the informant's description. The officers stopped the car and the driver was told to get out of the vehicle. One of the officers discovered a bullet in the front seat, searched the interior of the car and found a pistol in the glove compartment. Ross was arrested and handcuffed. The police officers then took Ross' keys and opened the trunk where they found a closed brown paper bag. The officer opened the bag and discovered a number of glassine bags containing a white powder which was subsequently identified as heroin. The United States Supreme Court ruled that the search and seizure were legal with the following language found at page 2172 of the Supreme Court Reporter:
The scope of a warrantless search of an automobile thus is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found....
... If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.
The instant case is also similar to State v. Nieto, 395 So.2d 733 (La.1981). In Nieto, a reliable confidential informant called the police and advised that he had overheard a conversation and learned that a subject named Alfred would arrive at a certain address at 8:00 or 8:30 P.M. to purchase 500 quaalude tablets. The police proceeded to the address and commenced surveillance. At approximately 8:05 P.M., a white sedan arrived in the front of the residence and an individual left the vehicle and entered the house. While the person was in the house, the police checked the vehicle's registration and learned that it was registered to Alfred Nieto. At 9:15 P.M., Nieto, who had arrived empty-handed, exited the residence carrying a red and white plastic bag which concealed its contents from the officers and drove off. The police officers followed Nieto's car and subsequently stopped the vehicle and arrested Nieto. The officers then entered the car, removed the bag and, upon opening it, discovered five clear plastic bags inside, each containing 100 quaalude tablets. The Louisiana Supreme Court determined that the police officers had probable cause to arrest Nieto and that they also had probable cause and exigent circumstances justifying a warrantless search of the bag located in the vehicle. See also State v. Jimmy Lee Hernandez, 408 So.2d 911 (La.1981).

SEARCH INCIDENT TO LAWFUL ARREST
A second well-established exception to the rule that a warrantless search is unreasonable is that a search may be conducted without a warrant when it is an incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). In the instant case, the arrest of Singletary and the search of the vehicle and seizure of the marijuana were almost simultaneous. The police converged upon the Cadillac while both the defendant and the drugs were in the vehicle. In New York v. Belton, 453 U.S. 454, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981), the United States Supreme Court defined the extent of a search incident to the arrest of the occupant of an automobile as follows:
... Accordingly, we hold that when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.
It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also will containers in it be within his reach.4 ... (Footnotes 2 and 3 omitted).
4 "Container" here denotes any object capable of holding another object. It thus includes closed or open glove compartments, consoles, or other receptacles located anywhere within the passenger compartment, as well as luggage, *711 boxes, bags, clothing, and the like. Our holding encompasses only the interior of the passenger compartment of an automobile and does not encompass the trunk.
The Michael Hernandez case is factually distinguishable from the instant case. He was arrested for DWI and reckless operation of a motor vehicle as he alighted from his car parked in the driveway of his home. The arresting officers did not have probable cause to believe that contraband was in the vehicle. As the two arresting officers were leaving the premises with Michael Hernandez, a third officer drove up. Michael Hernandez stated that he did not want anyone to drive his car. Nevertheless, in accordance with what the officers said was their policy, a wrecker was ordered by radio to tow the car away. While waiting, the third officer went back onto Hernandez's property upon which the car was parked and inspected its interior. During this inspection, he discovered two marijuana cigarettes on the left floorboard. The Louisiana Supreme Court determined that this was not a search incident to an arrest because it did not commence until after the defendant was arrested, handcuffed and taken to the police station. Since the police had no probable cause to believe that contraband was in the vehicle, it could not be justified under the automobile exception. In this factual posture, the court ruled that the search and seizure was illegal.

CONCLUSION
The search in the instant case is valid as a search of a vehicle for specified contraband with probable cause and under exigent circumstances and as a search incident to the arrest of Singletary, an occupant of the vehicle. Singletary's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] This case was previously before this court in State v. Singletary, 428 So.2d 965 (La.App. 1st Cir.1983).
[2] The police considered Johnson a confidential informant, but his identity was revealed at the hearing on the motion to suppress.
[3] Singletary does not contest the probable cause of the officers to search and/or arrest.