JASPER E. JONES, Judge.
The defendant, Bridgette Elkins, was charged by bill of information with possession of Clorazepate, a Schedule IV Controlled Dangerous Substance, in violation of LSA-R.S. 40:969(C). Following a denial by the trial judge of defendant’s motion to suppress drugs seized at the time of her arrest, defendant changed her plea to guilty, reserving her right to appeal the denial of her motion to suppress. State v. Crosby, 338 So.2d 584 (La.1976). Elkins was sentenced to serve two years at hard labor and fined $500.00. The sentence of two years at hard labor was suspended and Elkins was placed on supervised probation for two years. On appeal Elkins relies on one assignment of error for reversal of her conviction and sentence. She contends the trial judge erred in denying her motion to suppress the drugs seized because the officers did not have probable cause to arrest her.
THE FACTS
Mickey Lowe, a detective employed by the Shreveport Police Department, testified at the hearing on defendant’s motion to suppress. Detective Lowe testified that on September 22, 1984, he observed a white male standing outside a Kroger store with what appeared to be a knife in his hand. The individual was screaming obscenities toward the inside of the store. The individual entered a Ranchero occupied by two other persons and drove away. Detective Lowe, after being apprised there had been an altercation in the Kroger store between some juveniles and two of the occupants of the Ranchero, observed the Ranchero reenter onto the Kroger parking lot. Detective Lowe, accompanied by a back-up, pursued and subsequently stopped the Ranchero and arrested the male occupants for simple battery. Detective Lowe testified that while the two male occupants were being arrested, defendant became very loud, her speech was slurred, and she smelled of *1055 alcohol. Because defendant was causing such a disturbance, she was arrested for simple drunk (appearing in public in an intoxicated condition).
Officer Travis Hayes and Officer Hacker served as back-up for Detective Lowe who had stopped the Ranchero and required the occupants to stand outside the vehicle. Officer Hayes testified he observed defendant screaming and causing a disturbance and he detected the smell of alcohol upon the defendant. Officers Hayes and Hacker arrested the defendant and placed her in the back seat of their patrol unit. Hayes testified the defendant requested that Officer Hacker retrieve her purse from the Ranchero and determine if her rings were still there. Officer Hacker subsequently discovered some drugs inside the purse.
Officer James Hacker testified that when he and Officer Hayes arrived at the scene, the defendant was arrested because she appeared to be intoxicated and was being loud and disruptive. Officer Hacker testified the defendant was holding her purse when she was arrested. The purse fell to the ground when defendant was cuffed and placed into the rear of the patrol unit. Hacker further testified that he put defendant’s purse on the front seat of the patrol unit and was about to search it for weapons when defendant requested him to determine if her rings were inside. Hacker’s search of the purse produced the drugs which defendant sought to suppress in the trial court.
The defendant testified that after they were stopped, Detective Lowe began to question her about a knife. When defendant was unable to respond, a shouting match ensued and defendant was arrested, handcuffed, and placed in the patrol unit. The defendant testified that she solicited one of the officers to retrieve her purse from the Ranchero. When the officer returned to the patrol unit the purse was wide open and there was a pack of cigarettes on top. Defendant requested a cigarette and the officer started searching her purse. Defendant denied being intoxicated and testified that she never wore rings.

The Issue

Defendant contends the drugs seized from her purse should have been suppressed because they were the product of an unconstitutional search.

The Law

A search and seizure conducted without a warrant is presumed unreasonable unless it is justified by one of the narrowly drawn exceptions to the warrant requirement. Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). One of those exceptions is the search incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Chimel holds an officer may search the person for weapons and also search the area within his control. The area which may be searched has been defined to include that area from within which the person being arrested could gain possession of a weapon or evidence which he could destroy. State v. Hernandez, 410 So.2d 1381 (La.1982); State v. Williams, 398 So.2d 1112 (La.1981).
In the instant case, the purse had been placed in the patrol unit at the defendant’s request. The purse was searched in the front seat of the patrol unit while defendant, handcuffed, occupied the rear seat. We conclude the purse was in the immediate control of the defendant under these circumstances. The fact that defendant was handcuffed did not insure that she could not reach for and obtain a weapon or destroy evidence which was contained in the purse. State v. Marrero, 363 So.2d 494 (La.1978).
The drugs were seized pursuant to a search following a valid arrest. The denial of the motion to suppress the drugs was correct. A warrantless arrest is valid when based on probable cause. LSA-C. Cr.P. art. 213;[1] State v. Elliot, 407 So.2d *1056 659 (La.1981); State v. Morvant, 384 So.2d 765 (La.1980). Probable cause exists when the facts and circumstances within the officer’s knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed, or is committing, an offense. State v. Drott, 412 So.2d 984 (La.1982); State v. Elliot, supra. Probable cause is to be judged by the probabilities and practical considerations of everyday life on which average men, particularly average police officers, can be expected to act. State v. Smith, 377 So.2d 1220 (La.1979); State v. Drott, supra.
In the instant case, defendant contends the officers did not have probable cause to arrest her and the search of her purse was, therefore, unconstitutional. Defendant contends the officers decided to arrest her only because they were unsatisfied with her answers to questions about a knife allegedly used in the fight at the Kroger store. We disagree.
When the Ranchero was stopped by Detective Lowe and the two male occupants were being arrested, defendant became very loud, disruptive, and was using profane language. All of the officers on the scene testified that defendant’s speech was slurred and she smelled like alcohol. In light of these facts, Officer Hayes and Officer Hacker had probable cause to arrest defendant for appearing in public in an intoxicated condition. The search of defendant’s purse was a valid search incident to lawful arrest.
The judgment of the trial court denying defendant’s motion to suppress is affirmed.

. LSA-C.Cr.P. art. 213 provides in pertinent part:
A peace officer may, without a warrant arrest a person when:
*1056 (1) The person to be arrested has committed an offense in his presence; and if the arrest is for a misdemeanor, it must be made immediately or on close pursuit ...