WILLIAM A. CULPEPPER, Judge Pro Tern.
The defendant, Austin B. Wilson, Jr., was charged with possession of marijuana with intent to distribute, but convicted by a jury of possession of marijuana, a violation of LSA-R.S. 40:966(C) and (D). He was sentenced to serve six months in the parish jail and fined $500, but the jail sentence was suspended, and he was placed on active supervised probation for two years.
FACTS
On July 9,1985 Trooper Jackson stopped the defendant’s vehicle for having improperly tinted windows. On discovering that plaintiff was driving with a suspended license, Trooper Jackson placed him under arrest. Defendant was allowed to search his vehicle for paperwork, and at this time Jackson noticed a strong odor he thought was marijuana coming from the vehicle. Shortly thereafter, Deputy Cowans arrived. While watching the passenger in the defendant’s car, Deputy Cowans also noticed a strong marijuana odor coming from the vehicle. The officer testified he requested the passenger to open the ashtray and that the passenger did so. The passenger testified the officer requested he open the ashtray, but he could not remember whether he or the officer opened it. In any event, the ashtray was opened and the deputy found several marijuana cigarettes inside. The passenger was then arrested and he and the defendant were handcuffed and placed in a police vehicle. A pat down search of the passenger revealed two packets of marijuana. The defendant was then asked for permission to search his vehicle. He refused to sign a consent form but allegedly gave a verbal consent to the search (the testimony conflicted on this point). The officers then conducted a war-rantless search of the defendant’s vehicle and found marijuana and paraphernalia in several different places. The defendant filed a motion to suppress the evidence on the basis that the search did not fit any exception to the warrant requirement, which the trial court denied. The defendant appeals his subsequent conviction and sentence.
ASSIGNMENT OF ERROR
The defendant contends the trial court erred in denying the motion to suppress certain of the evidence seized by the police in their warrantless search of his vehicle, and in allowing the introduction of that evidence at trial over defendant’s objection.
APPLICABLE LAW
The two exceptions to the warrant requirement for the search of automobiles are the “automobile exception,” based on probable cause and exigent circumstances, and the search incident to a lawful arrest. Since there was probable cause to search the vehicle for contraband, it is unnecessary to discuss whether the search was incident to a lawful arrest, a proper inventory search, consented to, or whether the plain view exception applies.
In State v. Tatum, 466 So.2d 29 (La.1985), the court discussed the automobile exception to the warrant requirement:
“The ‘automobile exception’ has recently been upheld in U.S. v. Ross, 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). There, the U.S. Supreme Court *866 held that police officers who have legitimately stopped an automobile and who have probable cause to believe that contraband is concealed somewhere within it, may conduct a warrantless search of the vehicle as thoroughly as a magistrate could authorize. The scope of the war-rantless search of an automobile is not defined by the nature of the container in which the contraband is secreted, but rather, is defined by the object of the search and the places in which there is probable cause to believe it may be found. U.S. v. Ross, supra.”
* * *
“For constitutional purposes, there is no difference between on the one hand, seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment and the Louisiana Constitution. Carroll v. U.S., 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970); United States v. Ross, supra; State v. Chaney, 423 So.2d 1092 (La.1983).
“Furthermore, prior Louisiana jurisprudence has held that a search warrant is not necessary where there is probable cause to search an automobile for contraband or evidence of a crime and there are exigent circumstances requiring an immediate search. State v. Chaney, supra; State v. Guzman, 362 So.2d 744 (La.1978).
“Exigent circumstances has been defined as the impracticability of obtaining a warrant due to the possibility that the car could be moved either by its occupants if not arrested, or by someone else. An immediate warrantless search is therefore constitutionally permissible when ‘the car is movable, the occupants are alerted, and the car’s contents may never be found again if a warrant must be obtained.’ State v. Chaney, supra.”
The odor of marijuana in the vehicle was sufficient to justify detaining the passenger (the defendant was already under arrest). See, State in Interest of Wagster, 348 So.2d 751 (La.App. 1st Cir.1977). The frisk of the passenger revealed two packets of marijuana. The odor, together with the packets, created probable cause to believe marijuana was concealed in the vehicle.
Since both occupants of the vehicle were under arrest, the defendant had a right to have his parents take custody of his vehicle. They lived only three miles away on the road to the police station. Exigent circumstances therefore existed since the vehicle could be moved and the evidence would be accessible to others, subject to removal and destruction. It was unnecessary for the officers to obtain a search warrant before carrying out the search for the contraband.
CONCLUSION
For the reasons stated above, the judgment of the trial court is affirmed.
AFFIRMED.