PER CURIAM:
Relator, Darryl L. White, pleaded guilty to driving while intoxicated, a violation of La. R.S. 41:98, but preserved his right under State v. Crosby, 338 So.2d 584 (La.1976), to seek review of the trial court’s denial of his motion to suppress. The record reflects that the sentencing of the defendant was deferred pending this Court’s decision.
The jurisprudence is clear that there cannot be a review of errors alleged to have occurred in the trial court under our appellate jurisdiction until sentence has been imposed. State v. Singletary, 428 So.2d 965 (La.App. 1 Cir.1983); State v. London, 316 So.2d 743 (La.1975). Although this case reaches the Court under its supervisory jurisdiction, the situation is analogous. The writ application requests that we review defendant’s final conviction, as distinguished from a pre-trial ruling.
If this Court were to exercise its supervisory jurisdiction and review the ruling of the trial court, and were to subsequently sustain the ruling of the trial judge, we would still have to remand the matter to the trial court for sentencing. If, thereafter, the sentence were objectionable to the defendant, he could reapply to this Court for writ of review as a matter of right. Such a procedure would encourage piecemeal litigation of criminal matters and substantially delay a final disposition of the case. State v. Williams, 432 So.2d 1003 (La.App. 1 Cir.1983); State v. Singletary, supra. This Court has refused to consider similar writ applications in three previous unreported writ denials, i.e., State v. Edwards, K84-40; State v. James W. Todd, K84-779; and State v. Gail McNeal, K86-1031, because the defendants in those cases had not yet been sentenced. We do likewise herein.
WRIT NOT CONSIDERED: It appears from the record that the defendant has not been sentenced. Until such time as a sentence is imposed by the trial court, this case is not in a proper procedural posture for the exercise of our supervisory jurisdiction.