I .WOODARD, Judge.
Defendant, Gregory Reed, pled guilty on June 18, 2001, to one count of possession of marijuana over sixty pounds. The Defendant specifically reserved his right to appeal the ruling on the motion to suppress. The minutes of court reflect that a sentencing hearing would be held at a later date and the Defendant was released on [ ¡.post conviction bail. No minute entries appear in the appellate record after the date of the plea.
Counsel filed a Motion for Appeal on the following day, June 19, 2001. In his Motion for Appeal, he indicated that the trial court specifically state d that sentencing *598 would take place after disposition of Mr. Reed’s appeal and following a sentencing hearing. The trial court granted the Motion for Appeal. On September 7, 2001, the above-captioned appeal was lodged with this court. Upon review of the record submitted to this court and after receiving verification from the lower court, this court notes that the Defendant has not been sentenced.
La.Code Crim.P. art. 912 provides that only a final judgment or ruling is appeal-able. In State v. London, 816 So.2d 748 (La.1975), the supreme court upheld its long-standing position that a defendant cannot appeal from a final judgment of conviction if sentence has not been imposed. Furthermore, in a case indistinguishable from the present case, the First Circuit Court of Appeal refused to review errors under its appellate jurisdiction until sentence had been imposed. See State v. Singletary, 428 So.2d 965 (La.App. 1 Cir.1983). See also State v. White, 526 So.2d 1312 (La.App. 3 Cir.1988).
As the courts found in the above cited cases, we find that to review the appeal presently before this court where sentence has not been imposed, could result in piecemeal litigation and substantially delay a final disposition of the case. For these reasons, we decline to exercise our appellate or supervisory jurisdiction.
For the foregoing reasons, the appeal in this matter is dismissed for lack of appellate jurisdiction. This cause is remanded to the trial court for imposition of sentence.
APPEAL DISMISSED, REMANDED FOR SENTENCING.