376 So.2d 149 (1979)
STATE of Louisiana
v.
Brian PEEBLES.
No. 64781.
Supreme Court of Louisiana.
October 8, 1979.
*150 Robert Barnard, Orleans Indigent Defender Program, New Orleans, for defendant-respondent.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., David J. Cortes, Asst. Dist. Atty., for plaintiff-relator.
DENNIS, Justice.
This review of a criminal trial court's suppression of evidence presents a single issue: Did probable cause to arrest and search the defendant arise when he approached and offered to sell drugs to an individual who was being arrested for a narcotics violation by plainclothes police officers? We conclude that it did and, accordingly, reverse the judgment of suppression. The defendant's arrest and search incident thereto were lawful because, under all the circumstances, the officers had probable cause to believe defendant had attempted to distribute methaqualone after he approached and twice said to the person in custody, "Hey man, want to buy some `ludes' [street name for methaqualone]?"
On April 16, 1979, near the corner of St. Ann and Bourbon Streets in New Orleans, the defendant approached a person in the custody of several plainclothes policemen and asked him if he would like to buy some methaqualone. The defendant was unaware that the person was under arrest and that his companions were officers. Although the person in custody declined the defendant's offer and urged him to leave, the defendant persisted in asking the question again. The officers arrested the defendant and found a methaqualone tablet in his pocket.
It is unlawful for any person to knowingly distribute methaqualone. La.R.S. 40:964, Schedule II, 40:967 A(1). A person who, having a specific intent to commit a crime, does an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended. La.R.S. 14:27.
A peace officer may, without a a warrant, arrest a person whom he has reasonable cause to believe has committed an offense in his presence. La.C.Cr.P. art. 213. This Court has said that probable cause to arrest exists when facts and circumstances within the arresting officer's knowledge and of which he has reasonable and trustworthy information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. E. g., State v. Wilkens, 364 So.2d 934 (La.1978).
Applying these rules to the evidence in this case, we conclude that the officers had reasonable cause to believe that the defendant had attempted to distribute methaqualone. Under the circumstances, the defendant's acts in approaching a person and offering to sell him drugs indicated a probability that the defendant specifically intended to commit the crime and had taken a step for the purpose of and tending directly toward the accomplishment of his objective. Perhaps under different conditions and in different surroundings the defendant's actions would not reasonably appear as a serious attempt to unlawfully distribute drugs, and some additional evidence would be required to supply probable cause. Upon the facts within the arresting officers' knowledge in this case, however, the possibility of *151 criminal conduct was much greater than the possibility of innocent behavior. See State v. Franklin, 353 So.2d 1315, 1319 (La.1978) (quoting LaFave, Street Encounters . ., 67 Mich.L.Rev. 40, 73 (1968)).
Since the officers had probable cause to arrest the defendant, their search of his person incident to the arrest was lawful and the evidence was rightfully seized. See Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Franklin, 353 So.2d 1315 (La.1978). Consequently, the trial court's ruling suppressing the evidence as a product of an unlawful search and seizure was erroneous and must be set aside.
REVERSED; DEFENDANT'S MOTION TO SUPPRESS OVERRULED; CASE REMANDED.