381 So.2d 472 (1980)
STATE of Louisiana
v.
Sidney J. SIMMS.
No. 65582.
Supreme Court of Louisiana.
March 3, 1980.
*473 Robert Glass, Glass & Reed, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.[*]
Sidney J. Simms was charged by bill of information with possession of heroin in violation of La.R.S. 40:966. After trial by jury, he was found guilty. After conviction, but prior to sentencing, the district attorney filed an information accusing defendant of a previous felony conviction pursuant to La.R.S. 15:529.1 (Habitual Offender Law). At first, defendant entered a plea of "not guilty," but at a subsequent hearing, after admitting the allegation of the information, the trial court found him to be an habitual offender and sentenced him to serve nineteen years at hard labor. On appeal, defendant relies on five assignments of error for reversal of his conviction and sentence.

*474 ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial judge erred in denying his motion to suppress the heroin seized from him. He argues that the seizure of the heroin was a direct result of a previous illegal arrest for giving a false report to police officers relative to the commission of a crime.
According to testimony adduced at a suppression hearing prior to trial, a dispute arose as to the amount of money defendant owed another man in a dice game that took place at the Club Sorrento in New Orleans. Defendant's refusal to pay the money angered the man who then left the barroom. As defendant exited the bar some five minutes later, the man with whom he had been arguing began shooting at him from across the street. Upon hearing the shots, bartender August Bullette testified he locked the doors to his bar and telephoned the police.
Police officers Ross Mocklin and Richard Drouant responded to the call and were flagged down at the scene by defendant and two companions. Officer Mocklin testified that defendant reported that one Jessie Williams of 4305 Freret Street, a man of about twenty-six years of age and with substantial facial hair, had fired several shots at him. Defendant and his companions stated that they had known Jessie Williams prior to that evening. However, defendant testified that he did not give the officers the name "Jessie" Williams but told them that a "Lionel" Williams had fired the shots.
Several other police officers arrived at the scene, but further investigation disclosed no positive evidence of a shooting. Patrons at the bar refused to cooperate and no one would verify that a shooting had taken place. Meanwhile, a third officer informed Mocklin and Drouant that the alleged assailant, Jessie Williams, had been shot and stabbed three days earlier and had been sent to Charity Hospital. The officers verified the address of Jessie Williams given by defendant with the police department computer and learned from Charity Hospital that Williams was still confined there.
The officers then entered the bar and were told by the bartender that no shots had been fired; he also denied calling the police. The officers then arrested him for an expired permit on his jukebox in an apparent effort to close down the bar and disperse the crowd described by Mocklin as inquisitive and hostile.
Doubting whether a shooting incident had taken place and supposing that defendant and his two companions had purposely misled the police by giving them the name of a man they knew could not have committed the alleged shooting, the officers placed all three under arrest for giving a false report to the police relative to the commission of a crime. Defendant, his two companions, and the bartender were taken to the police station and, while defendant was exiting from the patrol car, he was observed attempting to conceal an aluminum foil packet which later proved to contain heroin.
La.R.S. 14:59 provides in pertinent part:
Criminal mischief is the intentional performance of any of the following acts:
(5) Giving of any false report or complaint to a sheriff, or his deputies, or to any officer of the law relative to the commission of, or an attempt to commit, a crime;
. . . . .
Probable cause to arrest exists when facts and circumstances within the arresting officer's knowledge and of which he has reasonable information are sufficient to justify a man of average caution into belief that the person to be arrested has committed or is committing an offense. State v. Peebles, 376 So.2d 149 (La.1979); State v. Mendoza, 376 So.2d 139 (La.1979); State v. Hunter, 375 So.2d 99 (La.1979).
In the instant case, the existence of probable cause to arrest defendant turns on a finding of whether Officer Mocklin's testimony was more credible than that of defendant.
After reviewing the record, we find as did the trial judge that Officer Mocklin's *475 testimony was more credible.[1] According to the facts as related by Officer Mocklin, no one other than defendant and his two companions would verify that a shooting had taken place. In addition, the officers were flagged down by defendant and his two companions and were told the shots had been fired by a man who the police knew could not have fired the shots. The accuracy with which defendant described the man apparently led the police to believe that they were either fabricating the entire incident to frame Jessie Williams, or had flagged them down and given them the wrong name in an attempt to conceal the identity of the real person responsible for the shooting.
Under the circumstances, we find that it was reasonable for the officers to have concluded that defendant's report relative to the shooting was false, as the possibility of criminal conduct was much greater than the possibility of innocent behavior. State v. Peebles, supra. Hence, we find that the trial judge did not err in concluding that the officers had probable cause to arrest defendant and in denying defendant's motion to suppress.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant contends the trial judge made improper comments during trial which had the effect of bolstering the credibility of an important state witness. He argues that his right to a fair trial was prejudiced as a result thereof.
Officer Richard Drouant testified to having seen defendant reach down in the waist of his pants, remove a small aluminum foil packet containing heroin and attempt to conceal it in the rear seat area of the patrol car. Upon further examination, Drouant testified that general police procedure required a search of the patrol car's rear seat each time an officer began his duties. The following exchange took place during questioning by the assistant district attorney:
Q Officer, this packet of heroin wasn't in the car then, was it?
A No, sir.
BY [DEFENSE COUNSEL]:
Object to leading.
BY THE COURT:
Well, he's answered the question already.
BY [DEFENSE COUNSEL]:
I know, but
BY THE COURT:
Well, he's an expert on that particular thing. You can't lead, or mislead an expert.
BY [DEFENSE COUNSEL]:
He hasn't qualified as such.
BY THE COURT:
He's seven years on the Police Department. That's good enough.
BY [DEFENSE COUNSEL]:
I'd like to note an objection to the comment of the court.
Judicial comment on the facts or evidence in the presence of the jury is prohibited by La.Code Crim.P. art. 772. However, this court has consistently held that remarks made by the trial judge in the jury's presence giving reasons for his rulings on objections, for admitting or excluding evidence, or stating the purpose for which evidence is offered or admitted are not objectionable as comments or expression of an opinion provided that they are not unfair and prejudicial to the accused. State v. Young, 337 So.2d 1196 (La.1976), and cases cited therein.
In the instant case, the trial judge improperly referred to Officer Drouant as an expert in police procedures because the officer had never been offered as an expert. However, the testimony of Officer Drouant was proper as a matter within his personal knowledge. We do not consider that the comment by the judge, taken in the context in which it was made, i. e., the officer's *476 normal procedure of inspecting the rear seat of his patrol car, reflected on the credibility of the witness. Moreover, defendant's subsequent cross-examination of the officer emphasized the officer's inability to remember conducting a rear seat inspection on the night in question. Hence, we do not find that the trial judge's remarks constituted reversible error.
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant contends the trial judge "improperly interfered with defense cross-examination of Officer Drouant, degrading the defense effort and defense counsel in front of the jury."
An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. La.Code Crim.P. art. 841. A review of the record of defendant's cross-examination of Officer Drouant reveals no objection based on the contentions raised in this assignment of error. Hence, the matter is not properly before us for review. In any event, we find no merit in the alleged contentions.

ASSIGNMENT OF ERROR NO. 4
Defendant contends the prosecutor misstated the applicable law during rebuttal argument.
Defendant, his two companions, and the bartender were taken from where they were arrested to the police station in a patrol car. They were seated together in the rear seat of the vehicle; the testimony was conflicting as to their relative positions. The heroin in question was seized from defendant as he was attempting to conceal it in the rear seat of the car. The main thrust of defendant's closing argument was that there were four people in the rear seat of the car and only one packet of heroin: "Was he [defendant] the oneif any of the four didany of the four." In rebuttal, the prosecutor questioned why defendant had failed to call his companions to support his position. He argued that "if you have evidence under your control, and you don't use it, the presumption of the law is, the reason you don't use it, is because it wouldn't have helped you." Defendant objected. The trial judge instructed the jury: "The Court is going to give you the law at the end of the trial, and you pay attention to the law as I give it to you."
The presumption of La.R.S. 15:432[2] does not arise if the witness is equally available to both the state and the defense, as in the instant case, for then the evidence is not "under the control of" either party. State v. Green, 244 La. 80, 150 So.2d 571 (1963), (overruled on other grounds); State v. Blackwell, 298 So.2d 798 (La.1973). See State v. Stickney, 167 La. 1050, 120 So. 853 (1929). Hence, the prosecutor improperly referred to the presumption. However, La.Code Crim.P. art. 774 permits argument based on the lack of evidence and allows the state in rebuttal to answer the argument of the defendant. We have frequently held that a reference to lack of evidence or the fact that the evidence is unrebutted or uncontradicted is permissible under art. 774. State v. Perkins, 374 So.2d 1234 (La.1979); State v. Smith, 357 So.2d 798 (La.1978). In view of the prosecutor's right to argue the lack of evidence and to respond to defendant's argument in rebuttal, we are unable to see how defendant was prejudiced by the prosecutor's reference to the presumption in the instant case.
In brief, defendant raises for the first time that the trial judge's instructions to the jury contained an improper reference to the presumption hereinabove referred to (La.R.S. 15:432). Defendant did not object. An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. La.Code Crim.P. *477 art. 841. Hence, the matter is not properly before us for review.
Assignment of Error No. 4 is without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends the prosecutor improperly appealed to jury prejudice in favor of police officers and thereby influenced their ability to judge the credibility of the police officers by the following statements in rebuttal argument:
And, I'll tell you what it really comes down toI mean, you can't have it both ways. You got Off. Drouant, and Off. Mocklin who took that stand, raised their hand to tell the truth, so help them God. Off. Drouant is sitting right here. I think, Mr. Shiell's questioning of the policethe police are the greatest people in the world when they're out on the street. They protect the citizens of this community.
Defendant objected. The trial judge instructed the jury that counsel was allowed "to make fair comment on the evidence." He reminded the jury "to recall the evidence that you heard from the witnesses, and apply the law as I give it to you."
In State v. Lockett, 332 So.2d 443 (La.1976), we found that the prosecutor's remarks made during closing argument, that undercover police officers and informants risked their lives to protect the interest of society, did not violate the requirement under La.Code Crim.P. art. 774 that the argument be confined to the evidence. Similarly, we do not consider that in the instant case the remarks improperly appealed to a presumed prejudice in favor of police officers. Moreover, as stated in Lockett, even in the event of improper argument, we will not set aside a verdict unless we are thoroughly convinced that the jury was influenced by the remarks and that they contributed to the verdict. Such was clearly not the case here.
Assignment of Error No. 5 is without merit.

DECREE
For the reasons assigned, defendant's conviction and sentence are affirmed.
CALOGERO, J., dissents and assigns reasons.
CALOGERO, Justice, dissenting:
The package of heroin should be suppressed as the fruit of an illegal arrest. State v. Saia, 302 So.2d 869 (La.1974). The police did not have probable cause to arrest defendant for intentionally making a false report to the police. A reasonable police officer of average caution after this investigation of the confusing circumstances surrounding the firing of the gunshot in this case could not have concluded that defendant intentionally gave the police a false report. See State v. Thomas, 349 So.2d 270 (La.1977).
NOTES
[*] Chief Judge PAUL B. LANDRY, retired, participated in this decision as an Associate Justices Ad Hoc.
[1] Defendant urges that the testimony at trial varied from the testimony at the suppression hearing demonstrating that the officer's testimony was not credible. We have reviewed the record and find no variance of any significance.
[2] La.R.S. 15:432 provides in pertinent part:

A legal presumption relieves him in whose favor it exists from the necessity of any proof; but may none the less be destroyed by rebutting evidence; such is the presumption... that evidence under the control of a party and not produced by him was not produced because it would not have aided him....