PONDER, Judge.
Defendant, found guilty of simple battery, a violation of La.R.S. 14:35, was sentenced to pay a fine of $500.00 plus costs and to serve six months in the Parish jail; the sentence was suspended and defendant was placed on supervised probation for eighteen months, conditioned upon his serving 20 days in the Parish jail, paying $400.00 of the fine plus costs and making full restitution to the victim for any medical expenses incurred as a result of the battery. Defendant appealed, asserting eight assignments of error. Three of these were not briefed and are considered abandoned. Rule 2-12.4, Uniform Rules, Courts of Appeal.
We affirm.
ASSIGNMENTS OF ERROR NOS. 1 AND 4:
Assignments 1 and 4 were taken when the court overruled defense counsel’s objections to the testimony of two State’s witnesses that when one attempted to telephone the police after defendant’s attack, defendant grabbed the phone from her and wrapped the cord around her neck. Defendant claims that evidence of the phone incident did not contribute to proving the crime with which he was charged.
Evidence of the defendant pointing a gun at a person trying to prevent him from leaving the scene of the crime was held admissible as part of the res gestae of the crime charged. State v. Belgard, 410 So.2d 720 (La.1982). Defendant’s attack during an attempt to summon help was clearly part of the res gestae of the charged offense and testimony concerning the incident was properly admitted.
Defendant makes no complaint of the lapsed time between the battery and the grabbing of the telephone. Two witnesses testified the incident happened immediately after the battery and the judge ruled the testimony admissible. Later, a third witness said that the incident happened ten minutes after the battery and the judge ruled the testimony inadmissible because of the time lapse. We agree with the first ruling, believing that the incident was part of a continuous transaction, even if ten minutes did elapse.
At any rate, the error, if any, is harmless since the trial was before the judge alone. State v. Crothers, 278 So.2d 12 (La.1973), cert. den. 414 U.S. 1096, 94 S.Ct. 731, 38 L.Ed.2d 555 (1973).
ASSIGNMENT OF ERROR NO. 6:
The defendant contends that the trial judge committed reversible error by disallowing a question as to whether investigating officers had obtained a statement from a witness who did not testify. Defendant claims he was unaware of the witness’s existence until after trial had begun and that he was prejudiced because he was *1062 prevented from asserting the presumption that since the State did not produce the witness, her testimony would have been adverse.
La.R.S. 15:432 provides that “evidence under the control of a party and not produced by him” is legally presumed to have been adverse to his case. Assuming that the State had “control” of the absent witness and that the defendant did not have equal access, it neither logically nor legally follows that the ruling complained of prevented defendant from raising this presumption. Defendant counsel was certainly free to assert this presumption at any point in the proceedings. See State v. Simms, 381 So.2d 472 (La.1980).
This assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 7:
The defendant contends that the verdict rendered by the trial judge is contrary to the law and evidence. No motion for new trial or motion in arrest of judgment was filed by defendant, but we will consider the issue of the sufficiency of the evidence. State v. Washington, 421 So.2d 887 (La.1982); State v. Coleman, 432 So.2d 323 (La.App. 1st Cir.1983).
The scope of appellate review for the sufficiency of evidence is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The evidence consisted of the testimony of the victim and four eyewitnesses, all of whom stated that the defendant struck the victim, a bartender, because she would not serve him with another drink after “last call” had been announced. Their testimony differed on that point only as to whether the defendant struck her once or twice and whether she was struck in the head or abdomen. The defendant offered no evidence to contradict that testimony. Defendant’s witnesses testified on the issue of the severity of the victim’s injuries only.
In brief, defense counsel for the very first time argued as justification that the defendant acted in self-defense. Although we need not consider this claim because it was not raised at trial, we determine it is without merit. Defendant and the victim had a harsh verbal exchange over the latter’s refusal to serve him; at that point the victim was behind the bar and defendant was on the other side; the victim may have thrown the contents of a drink at defendant; the victim began to walk from behind the bar and was struck by defendant as she emerged from behind it.
A rational trier of fact could find defendant guilty beyond a reasonable doubt, accepting the evidence in the light most favorable to the prosecution.
ASSIGNMENT OF ERROR NO. 8:
Defendant’s final contention is that the sentence imposed is excessive. The defendant was tried on the charge of second degree battery. The trial judge found the defendant guilty of simple battery, a responsive verdict, and imposed the statutory maximum sentence. However, he suspended the sentence, provided defendant comply with certain conditions.
Defendant argues that the sentence is excessive because his poor physical condition would make imprisonment hazardous. The trial judge ordered a physical examination conducted by the coroner, and the report forwarded to him, to which procedure defense counsel raised no objection. That physician found “no contraindications ... to short term imprisonment.”
The trial judge expressly took into account the fact that the battery was committed on a weaker, female victim; the victim did not provoke or threaten the defendant; defendant had a history of criminal activity; and defendant was in need of a custodial environment. Under these circumstances, we do not find the sentence to be excessive.
For the above and foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.