DOMENGEAUX, Judge.
The defendant, Leroy Harrison, was indicted for the crime of aggravated rape, a violation of La.R.S. 14:42, and was found guilty as charged by a unanimous twelve member jury. He was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. Defendant now appeals relying on four assignments of error.
FACTS:
Defendant raped the victim at her house in Abbeville and was arrested at the scene. He was taken to the Abbeville City Police Station and booked. During interrogation he made an oral confession, and later allowed police officers to transcribe a written confession. (Defendant was illiterate). In the oral statement, the defendant said that he had a knife in his hand visible to the victim and that he forced her into the bedroom. These facts were not in the written statement. On June 29, 1983, defendant filed a motion to discover any statements he had made to the police. A motion to suppress any and all written, oral or taped confessions or inculpatory statements obtained from the defendant was filed August 26, 1983. The hearing on the motion was held September 29, 1983. Only the written confession was introduced by the state and it was ruled admissible. The state responded to the Motion to Discover Statements on February 24, 1984, and informed the defense that it had an oral confession that it planned to use. Again, on March 13, 1984, the state notified defendant of its intention to introduce certain oral statements. Defendant made an objection to the admission of any oral statements because the state had not introduced them at the Motion to Suppress. A hearing on a Motion to Suppress the oral confession was held on March 14, 1984. The court found that the oral confession was made freely and voluntarily and was admissible.
Prior to voir dire, the defense filed a motion to the effect that Leroy Harrison had a vested right to twelve peremptory challenges, since that was the statutory number allowed when the crime was committed. The court denied the motion.
Dr. Corbett Lebouf had been subpoenaed by the state, but was not called to testify. Defendant filed a special charge asking that the jury be instructed that there is a legal presumption that evidence under the *1090 control of a party and not produced by him was not produced because it would not have aided him. The court declined to use the instruction.
ASSIGNMENTS OF ERROR:
1. Trial court erred in allowing defendant only eight peremptory challenges on a twelve person jury, when at the time the crime was committed, the defendant would have had the right to 12 challenges under Louisiana Code of Criminal Procedure, Article 799, thereby denying the defendant of a vested right.
2. Trial court erred in failing to suppress certain oral confessions and statements allegedly made by the defendant while in custody, pursuant to a motion to suppress hearing at which time the state failed to inform the defendant of the existence of said oral statements and confessions, therefore failing to show that these confessions and statements were freely and voluntarily given when the burden was on the state to show that they were at that time.
3. Trial court erred in failing to instruct the jury that there is an adverse presumption against a party, in this case the state, when that party subpoenas a witness for trial and fails to call him to the stand to testify.
4.* Trial court erred in failing to grant the motion to suppress confessions and inculpatory statements as the confessions and statements were not freely and voluntarily given, but were made under the influence of fear, duress, and coercion, as well as promises and inducements.
ASSIGNMENT OF ERROR NO. 1:
Defendant urges that he had a vested right to twelve peremptory challenges because that was the number he had a right to at the time the crime was committed.[1] Defendant maintains that Act 495 of 1988 was unconstitutionally applied to his trial in an expost facto manner. In two recent cases this court concluded that a change in the number of peremptory challenges is merely procedural and may have retroactive effect without violating the constitutional prohibition against expost facto laws. State v. Ledet, 458 So.2d 1024 (La. App. 3rd Cir.1984), writ denied, 462 So.2d 1263 (La.1985); State v. Floyd, 458 So.2d 597 (La.App. 3rd Cir.1984). Thus, the change in the number of peremptory challenges did not materially impair the right of the defendant to have his guilt determined according to the procedural law as it existed when the offense was instituted. State v. Ledet, supra. Consequently, this assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2:
The defense urges that the trial court erred in failing to suppress all oral statements or confessions made by defendant. Defendant filed a motion to suppress all written, oral or taped statements or confessions. He argues that, since the motion was all inclusive, the state was required, at that time, to prove that all the statements it planned to introduce were made freely and voluntarily; further, because the state then failed to have the trial judge rule on the admissibility of the oral confession, it waived its right to prove that the confession was admissible, and therefore, the later hearing on the oral confession was invalid. Appellant further avers that since the state had never proven that the confession was freely and voluntarily given, it was inadmissible. Defendant bases his contention on La.C.Cr.P. Art. 703(D) and (F):
*1091 “D. On the trial of a motion to suppress filed under the provisions of this Article, the burden of proof is on the defendant to prove the ground of his motion, except that the state shall have the burden of proving the admissibility of a purported confession or statement by the defendant or of any evidence seized without a warrant.
F. A ruling prior to trial on the merits, upon a motion to suppress, is binding at the trial. Failure to file a motion to suppress evidence-in accordance with this Article prevents the defendant from objecting to its admissibility at the trial on the merits on a ground assertable by a motion to suppress.”
The appellant says that since a defendant who fails to file a Motion to Suppress is prevented from objecting to admissibility at trial, it is only fair that if the state fails to prove the admissibility of a confession at a motion to suppress, that it should likewise be barred from asserting its admissibility thereafter.
There appears to be no jurisprudence regarding this particular argument. La.C. Cr.P. Art. 703 is a procedural device designed to promote judicial efficiency in that it prevents the trial court from being required to stop during the course of a trial to determine a collateral issue as to the legality of the means by which the prosecution obtained its evidence. State v. Doucet, 359 So.2d 1239 (La.1977).
According to La.C.Cr.P. Art. 703(C):
“C. A motion filed under the provisions of this Article must be filed in accordance with Article 521, unless opportunity therefore did not exist or neither the defendant nor his counsel was aware of the existence of the evidence or the ground of the motion, or unless the failure to file the motion was otherwise excusable. The court in its discretion may permit the filing of a motion to suppress at any time before or during the trial.”
La.C.Cr.P. Art. 521 reads:
“Art. 521. Time for filing of pretrial motions
Pretrial motions shall be made or filed within fifteen days after arraignment, unless a different time is provided by law or fixed by the court at arraignment upon a showing of good cause why fifteen days is inadequate.
Upon written motion at any time and a showing of good cause, the court shall allow additional time to file pretrial motions.”
It would seem that upon defendant’s receiving the notification of the state’s intent to use the confession, it was then up to him to file a second motion to suppress, in that he was not until then aware of the confession. He did not do this because he apparently believed that the state was barred from introducing it. While it would probably have been error for the trial court to admit the evidence without the second hearing, the hearing was held and the statement found admissible. Defendant has failed to show or even allege any prejudice from his being granted two hearings on the Motion to Suppress. There is no basis for his argument nor any merit in this assignment of error.
ASSIGNMENT OF ERROR NO. 3:
Defendant argues that the trial court erred in failing to give the jury the requested special charge. Dr. Corbett Le-bouf was subpoenaed by the state but was not called to testify. Defendant urges that the presumption of La.R.S. 15:432, (that evidence under the control of a party and not produced by him, was not produced because it would not have aided him,) should have attached to the state’s failure to call Doctor Lebouf. Defendant does not allege that the testimony would have been favorable to the defense.
The trial court declined to use the instruction. It said that the presumption was not applicable because the witness was subpoenaed and was available to both sides. In addition, Doctor Lebouf had nothing to do with the actual rape examination. Doctor Lebouf was the victim’s attending physician during her stay in the hospital.
La.C.Cr.P. Art. 807 says:
*1092 “Art. 807: Special written charges
The state and the defendant shall have the. right before argument to submit to the court special written charges for the jury. Such charges may be received by the court in its discretion after argument has begun. The party submitting the charges shall furnish a copy of the charges to the other party when the charges are submitted to the court.
A requested special charge shall be given by the court if it does not require qualification, limitation, or explanation, and if it is wholly correct and pertinent. It need not be given if it is included in the general charge or in another special charge to be given.”
La.R.S. 15:432 states in pertinent part:
“§ 432. Effect of legal presumptions; rebutting evidence; illustrations
A legal presumption relieves him in whose favor it exists from the necessity of any proof; but may none the less be destroyed by rebutting evidence, such is the presumption ... that evidence under the control of a party and not produced by him was not produced because it would not have aided him; ...”
“[Ujnder the control of a party” apparently refers to lack of availability to the other party. State v. Thomas, 406 So.2d 1325 (La.1981). In the instant case, the witness, although subpoenaed by the state, was available to both parties. The presumption of La.R.S. 15:432 does not arise if the witness is equally available to both the state and the defense, for then the evidence is not under the control of either party. State v. Simms, 381 So.2d 472 (La.1980). This assignment of error lacks merit.
For the above and foregoing reasons the appellant’s conviction is affirmed.
AFFIRMED.

 Defendant failed to brief Assignment of Error No. 4. Assignments of Error not briefed are considered abandoned. State v. Dewey, 408 So.2d 1255 (La. 1982).

. Act 495 of 1983 which amended La.C.Cr.P. Art. 799 reduced the number of peremptory challenges given to the state and the defendant from twelve to eight. Act 495 became effective on August 30, 1983. The crime was committed on December 3, 1982. Defendant's trial began on March 13, 1984.