LABORDE, Judge.
On April 18, 1985, the Grand Jury of St. Landry Parish indicted Lawrence Sonnier and Sandy Bryant with forcible rape, a violation of LSA-R.S. 14:42.1. Both defendants were arraigned on April 25, 1985, and each entered pleas of not guilty. On October 15 and 16, 1985, defendants were tried before a jury of twelve persons. The jury returned a verdict of “guilty of attempted forcible rape” as to both defendants.
Following a pre-sentence investigation and sentencing hearing, the court sentenced defendants Bryant and Sonnier each to twenty (20) years imprisonment at hard labor in the care and custody of the Louisiana Department of Corrections. The first year of each sentence was ordered served without benefit of probation, parole, or suspension of sentence. Both defendants appeal their sentences alleging one assignment of error:
“That the trial court erred in imposing an excessive sentence in violation of the Sixth Amendment to the U.S. Constitution and contrary to the provisions of La.C.Cr.P. art. 894.1.”
*403 FACTS
On February 23, 1985, during the early afternoon hours, the victim, Cassandra King, went to visit her boyfriend, Philip Stevens, at his father’s home. When Ms. King arrived at the residence, she met Philip, his stepbrother, Sandy Bryant, and Lawrence Sonnier. Cassandra and Philip went into the back bedroom of the residence and began to engage in some sexual activity. About five minutes later, Sonnier, Bryant, and a friend, Kenneth Guilbeaux, came into the room dressed only in their underwear. When Philip asked them to leave, they refused and pushed him aside. As Bryant and Sonnier approached, Cassandra began to holler and pleaded with them to get out. Bryant jumped on top of Cassandra and as she struggled to escape, Sonnier held her down, keeping her from getting away. Kenneth simply stood at the back of the room refusing to become involved.
The entire encounter lasted briefly and ended abruptly when Philip’s father returned home. There was no evidence from which to conclude that Bryant actually penetrated the victim although Cassandra asserts the violation.
The victim left the residence shortly thereafter and returned home. It was not until the following day that Cassandra informed her mother as to what had occurred. She was not asked to do a rape kit with the police nor was the victim examined by a physician. The police were notified the day after the incident and defendants were subsequently arrested and charged with forcible rape, convicted of attempted forcible rape, a violation of LSA-R.S. 14:27 and 14:42.1, and sentenced as stated above. Both defendants appeal their sentences alleging one assignment of error.
ASSIGNMENT OF ERROR NO. 1
Defendants Bryant and Sonnier allege that the trial court erred in imposing excessive sentences which fail to comply with the guidelines of LSA-C.Cr.P. art. 894.1. Specifically, defendants argue that the trial court did not properly consider all mitigating circumstances in imposing maximum sentences, and that the sentences imposed are grossly disproportionate to the severity of the offense.
The record does not support defendants’ allegations. In fact, the record illustrates that the trial judge took great pains in determining how severe a sentence to impose. He took into consideration the serious nature of the crime; the pre-sentence investigation report which indicates prior felony convictions of both defendants; the probation violations of both defendants; and the strong evidence that the victim resisted vigorously. It is apparent from the record that there was little proved in the way of mitigating circumstances while there was much evidence to indicate aggravating circumstances. The record indicates that defendants pose a danger to society. The trial court noted in its reasons for sentencing:
“I think all of the elements of forcible rape were present. Now, these people start off with one crime and they graduated. They get by with one, they try something else. They gave this man a break. They were put on probation, what happened? He is now convicted of [attempted] rape. Now, it’s apparent of what’s going to happen, as soon as he’s sentenced on the [attempted] rape they’re going to bring him up on probation on that. Frankly, I think he’s a danger to society, I have no sympathy for him and regardless of what this woman was and regardless of what she decided she was going to do with other people or not, whether she had intercourse with her boyfriend or not, she refused this man and it’s her choice.”
Thus it appears that the trial judge directly tracked the provisions of LSA-C. Cr.P. art. 894.1 A(l), (2) and (3). It also appears from the trial judge’s remarks that he fully considered the provisions of LSA-C.Cr.P. art. 894.1(B) in several respects, i.e., that the conduct attempted would have caused serious harm; that defendants gave no thought to their actions nor were they *404 provoked; and that they clearly would not benefit from being on probation.
We have repeatedly held that:
“Article 894.1 does not require the trial judge to articulate every aggravated and mitigating circumstance so long as the record reflects that he adequately considered these guidelines in particularizing the sentence to the individual defendant.”
State v. Perry, 472 So.2d 344, 346 (La.App. 3d Cir.1985).
The standard of an appeal for determining whether a sentence imposed by a trial court is unconstitutionally excessive has been established by this court:
“A sentence is excessive if it is grossly disproportionate to the severity of the offense. State v. Bonanno, 384 So.2d 355, 358 (La.1980). In determining whether the penalty is grossly disproportionate, the court must consider ‘the punishment and the crime in light of the harm to society caused by its commission, and determine whether the penalty is so disproportionate to the crime committed as to shock our sense of justice.’ Id. In reviewing a claim of excessive sentencing, the trial judge is to be afforded wide discretion in the imposition of sentences within statutory limits and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of discretion.”
State v. Morgan, 428 So.2d 1215, 1216 (La.App. 3d Cir.), writ denied, 433 So.2d 166 (La.1983).
After careful review of the record and the law involved in this case, it does not appear that the sentencing judge has abused his discretion. The defendants were convicted of attempted forcible rape, a violation of LSA-R.S. 14:27 and 14:42.1, which provide for a maximum sentence of 20 years imprisonment at hard labor, the first year to be without benefit of probation, parole or suspension of sentence. Defendants were each given the maximum sentence. The trial judge made it clear that, after viewing the record, the pre-sen-tence report, and testimony at the sentencing hearing, defendants are in need of incarceration and that probation would be inappropriate. Serious emotional harm undoubtedly resulted from the defendants’ actions, even though the full act was perhaps not completed. The defendants argue that the maximum sentence ought to be reserved for only the most egregious offenders. It is difficult to imagine a circumstance much worse than one “man” holding a victim down while the other tries his best to rape her while she fights and resists to her utmost. It appears clear from the record that the defendants’ attempt failed only because of the victim’s struggle and the fortuitous arrival of her boyfriend’s father. There appears to be no abuse of discretion in imposing the maximum sentences herein.
For the above and foregoing reasons, defendants’ convictions and sentences are affirmed.
AFFIRMED.