505 So.2d 1154 (1987)
STATE of Louisiana, Plaintiff-Appellee,
v.
Peter Joseph DIGILORMO, Defendant-Appellant.
No. CR86-870.
Court of Appeal of Louisiana, Third Circuit.
March 4, 1987.
Rehearing Denied May 8, 1987.
*1155 Michael J. Bonnette, Natchitoches, for defendant-appellant.
Mike Henry, Dist. Atty., Natchitoches, for plaintiff-appellee.
Before DOUCET, and YELVERTON, JJ., and CULPEPPER, J. Pro Tem.[*]
CULPEPPER, Judge Pro Tem.
This appeal presents the issues of whether or not the trial court erred in denying defendant's motion to suppress, in allowing certain exhibits and statements into evidence, and in imposing the maximum sentence under the law.
Peter Joseph Digilormo (hereinafter defendant) was charged by bill of information on April 10, 1986 of dogfighting in violation of R.S. 14:102.5. At a jury trial on June 2, 1986, he was found guilty by a unanimous verdict. He was sentenced to the maximum penalty of a $1,000.00 fine and one year of imprisonment with the Louisiana Department of Corrections.
Defendant timely appeals his conviction, asserting thirteen assignments of error. We affirm.

FACTS
At approximately 8:50 P.M. on March 29, 1986, the Natchitoches Parish Sheriff's Department received information from a concerned citizen about possible dogfighting in the Lime Kiln area of rural Natchitoches Parish. When officers arrived at the scene, they observed lights, heard a generator running, and heard cheering sounds emanating from a wooded area near the Interstate 45 construction site. The officers opened the padlocked gate by pulling nails from the post and removing the chain. They then drove up to the lighted area with their emergency lights flashing. As they approached the scene, the officers saw about fifty to seventy-five people standing around a wooden pen. Several people fled from the site into the woods. When the officers arrived, they noticed two pit bull dogs fighting in the pen. In searching the area, they discovered several more dogs, dog carriers, trophies, bags of medical supplies and three handguns.
Over 40 people were arrested at the scene, including the defendant. Approximately 53 people were charged in connection with the incident. During the investigation of the scene, the officers found a shredded check payable to the order of defendant for $200.00. They also discovered the wrapper of the padlock, which was stamped with a Lowe's sticker.
Investigators questioned employees at Lowe's and discovered that the defendant had been in the store on March 29, 1986. The manager provided an invoice for 32 cinder blocks, four 2 × 12 × 20 lumber pieces and some duct tape, dated March 29, 1986, with "Mr. P.J." marked as the purchaser. The checkout clerk testified that she saw the defendant in the store that day and remembered that he purchased several items.
Another receipt indicated that a padlock was purchased that day with the same serial number as the lock found at the scene of the dogfight. Carl Hutson, the administrator of the property where the fight occurred, testified that he purchased the lock for the defendant on March 29, 1986. Hutson, who pled guilty to cruelty to animals and was sentenced to a $1,000.00 fine and one year of probation, testified that he accompanied the defendant to Lowe's on March 29, 1986, where the defendant purchased the cinder blocks, 2 × 12 × 20 lumber and duct tape. Law enforcement officials discovered pieces of lumber and cinder blocks, which had been used to construct *1156 bleachers, at the site of the dogfight. Duct tape had been used to create boundary lines inside of the fighting pit.
On the day of the trial, defendant made a motion to suppress the evidence which was seized at the scene of the dogfight. The trial judge denied the motion based on the evidence presented at the preliminary examination. After only sixteen minutes of deliberation, the jury found the defendant guilty by a unanimous verdict. The trial judge sentenced defendant to a $1,000.00 fine and imprisonment of one year, the maximum sentence allowable under the law.
Defendant appealed asserting thirteen assignments of error, namely that:
(1) The trial court erred in denying defendant's motion to suppress;
(2) The trial court erred in allowing certain exhibits and statements into evidence; and
(3) The trial court erred in imposing the maximum sentence under the law.

ASSIGNMENT OF ERROR NUMBER 1
Defendant asserts that the trial court erred in denying his motion to suppress since the evidence was seized without a warrant and in the absence of one of the exceptions to the exclusionary rule.
The touchstone of Fourth Amendment analysis is whether a person has a constitutionally protected reasonable expectation of privacy. California v. Ciraolo, ___ U.S. ___, 106 S.Ct. 1809, 90 L.Ed.2d 210 (1986), rehearing denied, 106 S.Ct. 3320 (1986); Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). In this case, deputies were alerted that a dogfight was taking place in the Lime Kiln area. When officers arrived at the gate leading into the property, they observed lights and heard loud cheering and yelling "like that of high intense at a ball game or prize fight." As some of the officers attempted to get close to the scene through the woods, they heard growling and barking. When officers approached the site of the incident, they observed fifty to seventy-five people at the pit area. The dogfighting arena was set up ¼ mile to ½ mile from the gate.
Under the plain view doctrine, which is an exception to the Fourth Amendment's exclusionary rule, a law enforcement officer may seize objects in plain view when he has a right to be where he is. State v. Byers, 359 So.2d 84 (La.1978). Probable cause to arrest exists when facts and circumstances within the arresting officer's knowledge and of which he has reasonable information are sufficient to justify a man of average caution in the belief that the person to be arrested has committed or is committing an offense. State v. Simms, 381 So.2d 472 (La.1980). A search incident to arrest is a recognized exception to the warrant requirement. State v. Ruffin, 448 So.2d 1274 (La.1984).
Given the size of the crowd, the intensity of the yelling, and the proximity of the event to a public construction site, defendant could not possibly have had any reasonable expectation of privacy. Prior to entering the property, officers contacted the District Attorney's office to determine whether or not they had probable cause to arrest the perpetrators. The sounds of cheering and barking, together with previously acquired information about a possible dogfight, was sufficient information to justify a reasonable man in the belief that a crime was being committed. Once the suspected participants were arrested, the officers had the authority to seize property in the vicinity.
Compliance with probable cause standards is in the first instance a substantive determination to be made by the trial judge from the facts and circumstances of the case. State v. Sharp, 390 So.2d 1288 (La. 1980). We find no manifest error in the trial court's determination. This assignment is without merit.

ASSIGNMENTS OF ERROR 2-12
By assignments of error 2-12, defendant asserts that the trial court erred in allowing certain exhibits and statements into evidence. Assignment 2 pertains to the introduction of photographs depicting the scene of the dogfight and the evidence *1157 obtained therefrom. Defendant objected to this evidence on the grounds that there was no connexity to defendant.
A photograph becomes admissible when a witness has testified that it is a correct and accurate representation of what was personally observed by that witness. Photographs have been held admissible to show the site from which evidence has been obtained and to establish the connexity between the evidence and the facts of the case. State v. Moore, 419 So.2d 963 (La.1982).
At trial, a deputy testified that he took the photographs, then proceeded to describe the scenes that he witnessed. Defendant appeared in one of the photographs. The photographs were not so gruesome as to be prejudicial and thus inadmissible. State v. Morris, 397 So.2d 1237 (La.1981), affirmed 429 So.2d 111 (La. 1983).
This assignment is without merit.
Assignments 3 through 5, 9, and 12 pertain to the introduction of evidence found at the scene of the dogfight, including trophies, containers filled with medical supplies, a shirt and hat, a padlock, and a break stick.
The State asserts that the evidence was necessary to establish that a dogfight occurred in order to convict the defendant under the statute. The trial judge overruled defendant's objections to the evidence.
It is axiomatic that a trial judge's determination regarding the relevancy of evidence will not be disturbed in the absence of a clear abuse of discretion. State v. Williams, 410 So.2d 217 (La.1982); State v. Weems, 358 So.2d 285 (La.1978). There has not been a showing that the probative value of the evidence was outweighed by prejudicial effect. State v. Brown, 428 So.2d 438 (La.1983). We find these assignments meritless.
In the sixth assignment, defendant contends that the trial court should not have allowed a deputy to testify as to why dogs are washed prior to fighting, since he was not established as an expert. It has been held that law officers may testify as to matters within their personal knowledge acquired through experience without being qualified as experts. State v. Simms, supra; State v. Moses, 367 So.2d 800 (La. 1979).
The deputy who testified had investigated three or four dogfights and was aware of the preparations involved, including washing the dogs to remove any chemicals that might adversely affect their opponents. His remarks as to why dogs are washed were merely informative, and not of such a nature as were prejudicial to the defendant. This assignment lacks merit.
Assignment of error number 7 concerns a question regarding defendant's ownership of dogs. At trial, defense counsel objected on the basis that the issue was not addressed on direct examination. On appeal, defendant claims the testimony was inflammatory. A new basis for an objection cannot be raised for the first time on appeal. State v. Johnson, 438 So.2d 1221 (La.App. 3 Cir.1983). This assignment lacks merit.
In the eighth assignment, defendant objects to the admission of the testimony of the checkout clerk from Lowe's, as he contends that the testimony of the sales clerk who prepared the receipts for the items would have been the best evidence.
The receipts indicated that several items had been purchased by Mr. P.J. The cashier testified that she saw the defendant in the store on the date the items were purchased. Carl Hutson testified that he witnessed the defendant purchasing the items indicated by the receipt. Another witness testified that he saw Hutson unloading some boards and blocks at the pen site prior to the dogfight.
Absent a showing of some prejudice, the best evidence rule will not be applied unreasonably. State v. Bennett, 341 So.2d 847 (La.1976). The State produced substantial evidence linking the defendant with the purchase of the items from Lowe's. Defendant has not been prejudiced by the *1158 exclusion of the sales clerk's testimony. This assignment is without merit.
Assignment of error number 10 concerns a question asked by the prosecutor regarding defendant's ownership of dogs, "Are those the ones he fights?" The trial judge overruled defense counsel's objection, stating that the objection went more to the weight of the testimony than its admissibility. A determination of relevancy lies within the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. State v. Weems, supra. Finding no abuse, we hold this assignment meritless.
In assignment number 11, defendant objects to the admission of the check for $200.00 made payable to his order which was found at the scene. This check was clearly relevant to the charges against defendant. This assignment lacks merit.

ASSIGNMENT OF ERROR NUMBER 13
In his final assignment, defendant asserts that he should not have been sentenced to the maximum penalty provided by the statute. It is well established that maximum sentences are reserved for cases involving the most serious violations of the charged offense and for the worst kind of offender. State v. Quebedeaux, 424 So.2d 1009 (La.1982), aff'd, 446 So.2d 1210 (La. 1984).
More than 50 people were arrested in connection with the incident. Two of the witnesses, who testified that they were merely spectators, pled guilty to cruelty to animals. Their testimony indicated that defendant was the organizer of the event. Carl Hutson testified that defendant contacted him a few weeks prior to March 29th about renting the property for an event. Hutson accompanied the defendant to purchase several items and helped him unload supplies for the staging of the dogfight. Another witness testified that he saw Hutson unloading the items from defendant's father's truck.
As an organizer for profit of the fight, as opposed to a mere spectator or owner of a fighting dog, defendant was one of the worst kinds of offenders participating in this crime. Defendant contends, however, that the sentence is inappropriate because the trial judge failed to consider the mitigating factors in his favor, such as his lack of a prior criminal record, his weight problem, and his status as a first offender.
We have repeatedly held that La.C. Cr.P. Art. 894.1 does not require the judge to articulate every aggravating and mitigating circumstance so long as the record reflects that he adequately considered these guidelines in particularizing the sentence to the individual defendant. State v. Sonnier, 495 So.2d 402 (La.App. 3 Cir. 1986). The sentencing court's failure to comply with Art. 894.1 does not necessitate the invalidity of a sentence if the record clearly illuminates and supports the sentencing choice. State v. Collatt, 477 So.2d 177 (La.App. 3 Cir.1985), writ granted, 491 So.2d 12 (La.1986), vacated in part and dismissed, 497 So.2d 1001 (La.1986).
In his reasons for sentencing, the trial judge specifically addressed the considerations listed under Art. 894.1(A). He emphasized that although the crime did not threaten serious harm to any people, which was one of the factors defendant felt mitigated in his favor, the crime was merciless in that two innocent dogs were put together in a pit to fight and kill each other. The court states imprisonment is necessary to prevent defendant from continuing to participate in dogfighting, and that any lesser sentence would deprecate the seriousness of defendant's crime. The sentencing court is charged with viewing every circumstance surrounding the offense committed, and should impose a sentence fitting the defendant's conduct. State v. Myers, 495 So.2d 411 (La.App. 3 Cir.1986). We find that the record supports the sentencing choice in this case.
For the foregoing reasons, we affirm the conviction and sentence of the defendant.
AFFIRMED.
NOTES
[*] Hon. WILLIAM A. CULPEPPER, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tem.