STOKER, Judge.
Defendant, Earl Breaux, Jr., was charged by bill of information with attempted first degree murder, a violation of LSA-R.S. 14:30 and 14:27, and armed robbery, a violation of LSA-R.S. 14:64. On March 31, 1988, defendant was convicted by a 12-member jury of armed robbery and of attempted manslaughter, a violation of LSA-R.S. 14:31 and 14:27. Defendant was subsequently adjudicated as a multiple offender and sentenced to serve 12 years at hard labor for attempted manslaughter and 70 years at hard labor for armed robbery, the sentences to run concurrently. Defen *1354 dant has appealed his conviction based upon five assignments of error.[1]
FACTS
On the afternoon of May 9, 1987, Larry Frederick, the clerk at Domingue’s Texaco in Erath, Louisiana, was robbed and severely beaten. The victim identified the defendant as the perpetrator of the crimes.
The victim testified at trial that the defendant arrived at the gas station around 2:00 p.m. Frederick testified that he knew the defendant because the defendant had purchased items at the station on prior occasions. On this day, defendant purchased two bags of potato chips from Frederick. During this time, the owner of the station, Robert Domingue, arrived to deliver some crawfish which the defendant helped to ice down. After Domingue left, Breaux asked Frederick if he could use the bathroom and to hold his wallet while he went. Upon his return, defendant purchased another bag of chips, and when Frederick opened the cash register, defendant hit him across the back with a jack handle. Defendant told Frederick to sit still and then proceeded to empty the register of some $250. When Frederick tried to run out the door, defendant hit him over the head. The testimony of Robert Do-mingue and defendant’s companion, Patricia Alexander, corroborated the victim’s testimony that defendant was at the service station at 2:00 p.m. on the day of the robbery.
At trial, defendant pleaded not guilty and not guilty by reason of insanity. In order to prove his defense, the defendant called Dr. Thomas Latour to testify. The doctor testified that defendant may have had a memory loss of the events in question due to the combined effects of ingesting alcohol and drugs. He testified that the combination of alcohol and the drugs, Preludin and Quaalude, could have led to a temporary amnesia. This was the only evidence presented by the defendant.
The jury returned with a verdict of guilty of armed robbery and attempted manslaughter.
ASSIGNMENT OF ERROR NO. 1.
Defendant asserts that the trial judge erred in allowing the State to introduce defendant’s wallet into evidence when the State failed to reveal the existence of the wallet in response to defendant’s motion for discovery.
On motion of defendant, the court shall order the State to permit or authorize the defendant to inspect or examine tangible objects which are within the possession or control of the State and which are intended for use at trial as evidence by the State. LSA-C.Cr.P. art. 718. This duty to disclose is a continuing duty on behalf of the State. LSA-C.Cr.P. art. 729.3. However, the failure of the State to comply with this discovery request will not automatically command reversal. The appellate court must review the record to determine whether any prejudice resulting from the State’s failure to disclose evidence caused the trier of fact to reach the wrong conclusion. State v. Ray, 423 So.2d 1116 (La. 1982).
Prior to the trial, defense counsel properly filed a motion in which she sought discovery of any tangible items the State would introduce at trial as evidence. The State responded to the motion claiming that it had no such items. At trial the victim of the crime testified that defendant left his wallet with the victim. On cross-examination defense counsel pursued the fact that the victim was in control of defendant’s wallet before the attack. Subsequently, the State sought to introduce the wallet into evidence. Defendant objected to its admission because, he argued, the State had violated the rules of discovery by not disclosing the existence of the wallet. The judge ruled that the wallet was admissible, *1355 but allowed defendant time to inspect the wallet before proceeding with the trial.
We find that any prejudice to the defendant as the result of the State’s failure to disclose the existence of the wallet in its discovery response did not cause the jury to reach the wrong conclusion and was harmless error. There was substantial evidence against the defendant without the introduction of the wallet into evidence. There was the direct testimony of the victim identifying the defendant as the perpetrator of the crime. There was also the testimony of two other witnesses placing the defendant at the scene of the crime at the time of the commission of the crime. It appears to have been unnecessary for the State to introduce the wallet in order to obtain a conviction. In fact, the State argues that it did not intend to introduce the wallet and only made the decision to do so after defense counsel interrogated the victim on the subject of the wallet.
Defendant claims he was prejudiced because if he had known about the wallet he would have entered a plea bargain arrangement. Defendant argues that he believed the State’s evidence was weak without the wallet, but that with the wallet his conviction was assured. However, as stated earlier, the evidence presented in this case makes it clear that conviction was probable without the wallet. We do not believe that the State’s noncompliance, while improper, lulled the defendant into a misapprehension of the strength of the State’s case against him. State v. Ray, supra.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 2.
Defendant claims that the trial judge erred in allowing the State to introduce into evidence a photograph of the crime scene. Particularly, defendant urges that the photograph of the scene was cumulative of evidence already presented and was admitted just to inflame the jury.
As a part of its fact-finding and guilt determination function, a jury is entitled to the benefit of all of the evidence, including photographic evidence introduced during trial. State v. James, 339 So.2d 741 (La.1976). However, this is a general rule and is subject to exceptions. Photographs which are unduly prejudicial in nature are not admissible into evidence. The test for admissibility of gruesome photographs is whether their probative value outweighs any prejudicial effect. A trial court’s ruling in this regard will be disturbed only if the prejudicial effect of the photographs clearly outweighs the probative value. Also, photographs which illustrate any fact, shed light upon any fact at issue in the case, or that are relevant to describe the person, place or thing depicted are generally admissible. State v. Boyer, 406 So.2d 143 (La.1981).
The photograph at issue in the present case depicts the scene of the crime. The content of the photograph reveals the area of the attack, the weapon used and the blood lost by the victim. Admittedly, there was other testimony presented at trial which generally described the scene and the attack. There was also testimony presented by Dr. Ettinger, the treating physician, which described the wounds received by Frederick and the blood loss which could occur from these wounds. However, there can be no doubt that the jury was aided by the photograph which depicted the conditions which were described to them through testimony.
The State was required to prove that the defendant used force or intimidation during the robbery. LSA-R.S. 14:64. The photograph helps to corroborate the victim’s testimony regarding the attack. Also, as pointed out by the prosecutor, the State had to prove the intentional infliction of great bodily harm in order to convict defendant of attempted first degree murder. LSA-R.S. 14:27 and 14:30. The photograph of the blood lost by the victim is probative of the extent of the injuries received by the victim. This is especially true in light of the fact that photographs taken of the victim at the hospital were taken after he had been treated for his wounds.
*1356 Defendant has made no showing that the prejudicial effect clearly outweighed the probative value of the photograph. Therefore, we conclude that the trial judge did not abuse his discretion in admitting the photograph into evidence.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 3.
Defendant contends that it was error for the trial court to allow “other crimes” evidence to be presented to the jury. Defendant asserts on appeal that the State failed to give notice of intent to use evidence of other crimes required by State v. Prieur, 277 So.2d 126 (La.1973).
The evidence complained of was elicited on cross-examination of the defendant’s witness, Dr. Thomas Latour. Dr. Latour was called by defendant to support his plea of not guilty and not guilty by reason of insanity. On direct examination, Dr. Lat-our testified that defendant told him he had ingested two drugs, Preludin and Quaalude, on the day of the robbery. Dr. Lat-our testified further concerning the effect these two drugs may have on an individual. During cross-examination the following exchange took place:
“Q. But he did remember enough to tell you what drugs he believed he had taken?
A. He mentioned two (2) drugs, prelu-din and qualude, [sic] which the qua-lude [sic] used to be very popular. It is very short supply of it now. I wouldn’t know where that would have come from. But preludin being a fairly popular abused drug more recently.
Q. Are these controlled dangerous substances?
A. Yes, sir.
Q. Which means you have to have a prescription to get them?
A. You have to have a prescription to get them, you know, from a physician. But unfortunately have been both readily available on the street.
Q. Did he tell you whether he had a prescription for these drugs?
MS. THOMAS:
Your Honor, he’s not on trial for — I object to this line of questioning.
MR. WOODRUFF:
Your Honor, I think it goes—
THE COURT:
I will allow that. Proceed, sir.
BY MR. WOODRUFF:
Q. Did he tell you whether he had a prescription for the drug?
A. No, sir.”
It is this testimony which forms the basis of defendant’s argument that “other crimes” evidence was improperly admitted to the jury. Defendant also contends that there was an improper remark made by the prosecutor during his closing argument which referred to possession of preludin without a prescription as a crime.
To perfect an issue for appellate review, defendant should make known to the court the action which he [she] desires the court to take or his objections to the action of the court, together with grounds therefor. LSA-C.Cr.P. art. 841. An objection stating no basis or ground presents nothing for the court to review. State v. Motton, 395 So.2d 1337 (La.1981). Also, a new basis for an objection cannot be raised for the first time on appeal. State v. Digilormo, 505 So.2d 1154 (La.App. 3d Cir.), writ denied, 511 So.2d 1153 (La.1987).
In defendant’s case, defense counsel objected to the testimony, yet did not state a basis or ground for the objection, except to suggest that defendant was not on trial for possession of a controlled dangerous substance. The appropriate objection would have been to the relevancy or materiality of the issue of whether defendant had a prescription, LSA-R.S. 15:441, and an admonition should have been requested, LSA-C.Cr.P. art. 771. No admonition was requested until after Dr. Latour’s testimony was completed and the defense rested. Additionally, no admonition or mistrial was requested during the State’s closing argument. We do not find that defendant’s *1357 objection complied with C.Cr.P. art. 841 or that the later objection and requested admonition or mistrial was timely. Moreover, defendant did not object to the testimony presented as “other crimes” evidence, introduced in violation of State v. Prieur, which would be prejudicial to her client. Therefore, defendant may not now raise this objection on appeal. State v. Digilormo, supra.
This assignment of error lacks merit.
ASSIGNMENT OF ERROR NO. 4.
Defendant argues that he was denied a fair trial when the prosecuting attorney exceeded the bounds of propriety in comments made in closing arguments. Specifically, defendant objects to the following:
“MR. WOODRUFF:
“... if that is the state of affairs in this case, with the little bit of proof that he has put on, a desparate [sic] grasping attempt at proof that he is not to be held criminally responsible for these acts, then it is all over. This is not a society that you can live in anymore.
MR. THOMAS:
Your Honor, again, I hate to interrupt Mr. Woodruff but I believe he has gone a bit far in his last comments and I would object.”
After defendant’s objection, the trial court admonished the jury as to the arguments of counsel, in spite of defendant’s failure to request an admonition. Defendant at no time moved for a mistrial. LSA-C.Cr.P. arts. 770 and 771.
Defendant now argues that these remarks, as well as those discussed in the previous assignment of error, were outside the scope of closing argument, LSA-C. Cr.P. art. 774, and, as such, constitute grounds for reversal of defendant’s conviction. In order for a conviction to be reversed based upon improper argument of counsel, the reviewing court must be thoroughly convinced that the jury was influenced by the remarks and that they contributed to the verdict. State v. Lindsey, 404 So.2d 466 (La.1981), cert. denied, 464 U.S. 908, 104 S.Ct. 261, 78 L.Ed.2d 246 (1983). In light of the overwhelming evidence of guilty presented by the State, we are not thoroughly convinced that the State’s remarks influenced the jury and contributed to its verdict.
This assignment of error lacks merit.
Accordingly, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. One assignment of error was not briefed by defendant and is considered abandoned on appeal. State v. Dewey, 408 So.2d 1255 (La.1982).